IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNDERWOOD LIVESTOCK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 05-162 L |
| | ) | |
| v. | ) | Judge Mary Ellen Coster Williams |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ANSWER**

Defendant, United States of America, in answer to Plaintiff's first amended complaint, hereby admits, denies, and avers as follows:

**FIRST AMENDED COMPLAINT**

The allegations of the first unnumbered opening paragraph are a characterization of Plaintiff's first amended complaint to which no response is required; to the extent matters of fact are alleged, they are denied. In further response to the opening paragraph, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of whether Plaintiff is incorporated in Nevada. Defendant denies that this Court has jurisdiction to hear any claim based on an alleged denial of due process.

**JURISDICTION**

The allegations of the second unnumbered opening paragraph are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies that

jurisdiction in this Court may be based upon 43 U.S.C. §§ 292, 661, 946, or 956, or Nevada Revised Statute 533.305(1). Defendant avers that 43 U.S.C. § 292 has been repealed. Defendant further avers that the Tucker Act, 28 U.S.C. §1491, is the principal statute conferring jurisdiction on this Court.

**GENERAL ALLEGATIONS**

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 1.

2. In response to the allegations of the first sentence of paragraph 2, Defendant admits only that the Bureau of Land Management ("BLM") is an agency within the United States Department of Interior; to the extent other matters of fact are alleged, they are denied. Defendant admits the allegations of the second sentence of paragraph 2.

3. In response to the allegations of paragraph 3, Defendant admits that the records of the State of Nevada Department of Conservation and Natural Resources, Division of Water Resources, reflect that on or around October 1, 1917, Thomas Brackney applied to the Nevada State Engineer, Division of Water Resources, for a permit ("Permit 4613") to appropriate water from Underwood Canyon, and on June 17, 1930, the State Engineer issued a Certificate of Appropriation of Water No. 1656. In response to the remaining matters of fact alleged in paragraph 3, Defendant avers that Permit 4613 and Certificate of Appropriation of Water No. 1656 are the best evidence of their content.

4. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the first sentence of paragraph 4. The allegations of the

second sentence of paragraph 4 are conclusions of law to which no response is required; to the extent matters of fact are alleged, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations.

5. In response to the allegations of paragraph 5, Defendant admits and avers only that President Calvin Coolidge issued Patent Number 932407 on March 1, 1924. Defendant denies the remaining allegations of paragraph 5, since Plaintiff has not accurately quoted the language contained in Patent Number 932407. Defendant further avers that Patent Number 932407 is the best evidence of its content.

6. In response to the allegations of paragraph 6, Defendant admits that Thomas Brackney was issued Patent Number 932407. Defendant avers that Patent Number 932407 is the best evidence of its content.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 7.

8. In response to the allegations of the first sentence of paragraph 8, Defendant admits and avers that Gerald M. Smith, the Field Manager of BLM's Battle Mountain Field Office, sent Dalton Wilson ("Wilson") a certified letter, dated October 5, 1998, indicating that BLM had determined Wilson's construction of a dam in Underwood Canyon was an unauthorized activity resulting in surface disturbance and placement of facilities in a wilderness study area ("WSA"). Defendant denies the remaining allegations of the first sentence of paragraph 8; Defendant avers that Plaintiff was seeking to construct a new diversion structure in a WSA. In response to the allegations of the second sentence of paragraph 8, Defendant avers that Mr. Smith's letter, dated October 5, 1998, is the best evidence of its content, to which no

response is required. Defendant denies the factual allegations of the third sentence of paragraph 8. The allegations of the third sentence of paragraph 8 also contain legal conclusions, to which no response is required.

9. In response to the allegations of paragraph 9, Defendant admits only that Mr. Smith received a letter, dated February 25, 2000, from Dalton Wilson, as president of Plaintiff. Defendant avers that the February 25, 2000 letter is the best evidence of its contents, to which no response is required.

10. In response to the allegations of paragraph 10, Defendant admits only that Gail G. Givens, Assistant Field Manager, BLM's Battle Mountain Field Office, sent Dalton Wilson and Don Bowman a certified letter, dated April 10, 2000. Defendant avers that the April 10, 2000 letter is the best evidence of its contents, to which no response is required. To the extent that a response is required, Defendant avers that Plaintiff has omitted certain critical language from the letter and therefore the allegations are denied.

11. In response to the allegations of paragraph 11, Defendant admits that after Plaintiff failed to comply with BLM's requests to remove the unauthorized diversion structure, BLM removed the diversion structure on September 26 and 27, 2000. Defendant denies the remaining allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13.

14. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of the first sentence of paragraph 14. In response to the second sentence of paragraph 14, Defendant admits that BLM petitioned the Office of the State Engineer

of the State of Nevada ("Nevada State Engineer") on January 18, 2001 for a declaration that Nevada Water Right Permit 4613, Certificate 1656 be declared forfeited as a matter of law by reason of nonuse. In response to the allegations of the third sentence of paragraph 14, Defendant admits and avers only that the Nevada State Engineer issued a ruling, dated May 31, 2001, finding that "[t]he Petition for Declaration of Forfeiture of Permit 4613, Certificate 1656 submitted on behalf of the Bureau of Land Management is hereby rejected on the grounds that the forfeiture of a water right permit that appropriates water from a surface source is exempt from forfeiture in accordance with NRS § 533.060." To the extent any other matters of fact are alleged in paragraph 14, they are denied.

## TAKINGS CLAIMS

15. Defendant repeats and incorporates herein its responses to paragraphs 1 through 14, in addition to the opening unnumbered paragraphs, above.

16. The allegations of the first and second sentences of paragraph 16 are conclusions of law to which no response is required; to the extent matters of fact are alleged, they are denied. Defendant further specifically denies that a taking has occurred in this case.

All allegations of the first amended complaint that have not been specifically admitted or otherwise answered are hereby denied.

## FIRST DEFENSE

The first amended complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The allegations in the first amended complaint that sound in tort are beyond the jurisdiction of this Court.

**THIRD DEFENSE**

The allegations in the first amended complaint which allege due process claims are beyond the jurisdiction of this Court.

**FOURTH DEFENSE**

The first amended complaint, or portions of the first amended complaint, are not ripe.

WHEREFORE, Defendant respectfully requests that this Court enter an order:

1. Dismissing the first amended complaint with prejudice; and
2. Granting the United States such other relief as the Court may deem just and proper.

Dated: December 7, 2005

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

/s/ Kathleen L. Doster
KATHLEEN LENNON DOSTER
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
TEL: (202) 305-0481
FAX: (202) 305-0506
E-mail: Kathleen.Doster@usdoj.gov

*Attorney for Defendant United States*

Of Counsel:
James Karkut
Department of the Interior
Office of the Regional Solicitor