IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| UNDERWOOD LIVESTOCK, INC., Plaintiff, | No. 05-162 L |
| v. | Judge Mary Ellen Coster Williams |
| UNITED STATES, Defendant. | |

**JOINT PRELIMINARY STATUS REPORT**

Plaintiff, Underwood Livestock, Inc., and Defendant, United States of America, by and through their respective counsel, hereby submit this Joint Preliminary Status Report pursuant to the Rules of the United States Court of Federal Claims, Appendix A.

A. JURISDICTION

The parties agree that the Tucker Act, 28 U.S.C. § 1491, confers jurisdiction on this Court to adjudicate a claim of a Fifth Amendment taking.

B. CONSOLIDATION

The parties agree that this case need not be consolidated with any other case.

C. BIFURCATION

The parties believe that the case should be bifurcated, with liability being tried first, and just compensation being tried thereafter only if liability is found.

D. DEFERRAL OF PROCEEDINGS

The parties believe that further proceedings should not be deferred.

E. REMAND OR SUSPENSION

The parties agree that they do not intend to seek a remand or suspension in this case at this time.

F. ADDITIONAL PARTIES

The parties agree that they do not intend to seek to join any additional parties at this time.

G. MOTIONS

The parties intend to file dispositive motions pursuant to Rule 56 on or before May 2, 2006.

H. RELEVANT FACTUAL AND LEGAL ISSUES

Plaintiff's Statement

Plaintiff has identified the following issues that will need to be decided in this case:

(1) In light of the language contained in Section 1 of the 1934 Taylor Grazing Act and in Section 701 of the Federal Land Policy and Management Act (FLPMA) in essence stating that nothing in either of these acts shall be construed to limit, impair, or restrict any valid legal right that was created on federal lands before the passages of these acts, did BLM have any jurisdiction to regulate the nature and type of any diversion structure if such diversion structure preceded the passage of these acts?

(2) Did the adoption of the Nevada Wilderness Plan dated April 2, 1997 compel the federal government to refrain from, in any way, regulating the water source which is the subject of this case in as much as the water source was a "private inholding" not subject to the Wilderness Study Area regulations?

(3) Did the fact that the Solicitor General sent a letter to the BLM dated October 30, 1999 which stated that the BLM should consider Certificate 1656 as issued by the Nevada State Engineer a "valid water right" mean that the BLM was prohibited from interfering with or regulating the diversion structure which the BLM

subsequently destroyed in September 2000?

(4) If defendant affected a compensable taking of plaintiff's property interest, what is the measure of just compensation to be awarded as a judgment against defendant considering that plaintiff has been unable to use that water for over 5 years for the growing of hay which was sold to livestock owners?

Defendant's Statement

Defendant has identified the following issues that will need to be decided in this case:

(1) What is the nature and scope of the property interest that Plaintiff alleges has been taken?

(a) Does Plaintiff have a right to construct a water diversion facility on Bureau of Land Management (BLM)-administered federal land without first obtaining a permit or other authorization from the BLM?

(2) Was Plaintiff the owner of the alleged property interest at the time of the alleged taking?

(3) Is Plaintiff's takings claim ripe?

(4) Has Defendant effected a compensable taking of plaintiff's alleged property interest?

(5) If Defendant effected a compensable taking of plaintiff's property interest, what is the measure of just compensation to be awarded as a judgment against Defendant?

I. SETTLEMENT

The parties do not believe that any form of alternative dispute resolution would be helpful until after any motions for summary judgment are decided.

J. TRIAL

The parties believe that this case will likely be resolved pursuant to dispositive motion.

The parties do not request expedited trial scheduling.

K. ELECTRONIC CASE MANAGEMENT NEEDS

The parties are not aware at this time of any electronic case management issues.

L. OTHER INFORMATION

The parties are not aware at this time of any other information which should be provided to the court.

M. DISCOVERY PLAN

The parties propose the following discovery plan:

| | |
|---|---|
| End of initial discovery period in anticipation of Defendant's motion for summary judgment: | March 31, 2006 |
| Telephonic Status Conference: | April 18, 2006 |
| Summary judgment motions due by: | May 2, 2006 |
| Oppositions to motions for summary judgment due by: | June 2, 2006 |
| Replies to motions for summary judgment due by: | June 16, 2006 |
| Status Conference to discuss further proceedings in the case: | TBD |

Dated: January 23, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

_s/ Martin Crowley by s/ Kathleen L. Doster
MARTIN CROWLEY
American Legal Services
85 South LaVerne Street
Fallon, Nevada 89406
(775) 423-7088

Counsel for Plaintiff

_______s/____________
KATHLEEN L. DOSTER
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0481

Counsel for Defendant