IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNDERWOOD LIVESTOCK, INC., | ) | |
| | ) | |
| Plaintiff | ) | No. 05-162 L |
| | ) | |
| v. | ) | Judge Mary Ellen Coster Williams |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

PLAINTIFF, through its attorney undersigned, submits the following Memorandum of Law in Support of Motion for Summary Judgment.

FRCP 56 provides in relevant part:

**(a) For Claimant.**

A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof...

**(c) Motion and Proceedings Thereon.**

The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**(d) Case Not Fully Adjudicated on Motion.**

If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

In this regard, case law provides the following:
On a motion for summary judgment, the court may grant summary adjudication as to specific issues without granting judgment as to the entire cause of action if it will narrow the issues for trial. First Nat. Ins. Co. v. Federal Deposit Ins. Corp., 977 F. Supp. 1051 (D.C. Cal. 1997).

The Court in Di Sandro v. Makahuena Corp. 588 F. Supp. 889 (D. Haw. 1984) cited the following:

It is appropriate to decide a few limited issues by summary judgment, even if those issues are not entirely dispositive of any one claim. Summary judgment can thus serve to set the issues for trial. See, e.g., Lies v. Farrell Lines, Inc. 641 F.2d 765, 768-69 & n.3 (9th Cir. 1981).

The Court in Calpetco 1981 v. Marshall Exploration 989 F.2d 1408 (5th Cir. 1993) held the following:

Summary judgment, pursuant to the simple procedures established by Rule 56, serves, among other ways, to root out, narrow, and focus the issues, if not resolve them completely. Where, as here, partial summary judgment is granted, the length and complexity of trial on the remaining issues are lessened, all to the advantage of the litigants, the courts, those waiting in line for trial, and the American public in general. . . . In short, a district judge must have considerable discretion in determining when enough is enough. . . .

Likewise, in Bryant v. U.S. 126 F. Supp. 2d 1227 (D. Ariz. 2000) it was held that under

FRCP 56(d), Courts can grant summary adjudication on specific issues so as to narrow the issues remaining for trial. (Also see Gillette v. Delmore 886 F.2d 1194 (9th 1989).

Citing First National Insurance Company v. Federal Deposit Insurance Corporation 977 F. Supp. 1051, 1055 (C.D. Cal. 1997), the Court in Sebastian International, Inc. v. Russolillo 151 F. Supp. 2d 1215 (C.D. Cal. 2001) held the following:

> . . . A court may grant summary adjudication on specific issues without granting summary judgment as to the entire cause of action so as to narrow the issues for trial.

Citing First National supra, the Court in Seaspan International, Ltd. 172 F. Supp. 2d 1314 (W.D. Wash. 2001) held the following:

> . . . The court may issue summary judgment on all claims, only some of the claims, or even parts of claims, Fed. R. Civ. P. 56(a), (b), and may grant summary judgment as to specific issues to narrow the issues for trial.

Wherefore, it is respectfully submitted that the Court should enter Summary Judgment on the Claims herein in favor of the plaintiff. In the alternative, plaintiff requests judgment as a matter of law and reserve only those matters that require a hearing, such as damages, for the trial of the matter.

Dated May 1, 2006.

/s/ Martin G. Crowley
Martin G. Crowley
American Legal Services
85 South LaVerne Street
Fallon, Nevada 89406
(775) 423-7088
AmericanLegal@gmail.com

**CERTIFICATE OF SERVICE**

Pursuant to F.R.Civ.Pro. 5, the undersigned certifies that according to the CM/ECF program employed by the Clerk of the Court, all parties and/or their attorneys were served electronically the foregoing document submitted this date.

DATED this May 1, 2006.

/s/ Martin G. Crowley
MARTIN G. CROWLEY, ESQ.
Attorney for Plaintiff(s)