# Defendant's Exhibit D

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNDERWOOD LIVESTOCK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 05-162L |
| | ) | |
| v. | ) | Judge Mary Ellen Coster Williams |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES AND PRODUCTION OF DOUCMENTS**

Plaintiff hereby responds to the above discovery reequests by providing the following answers to Requests for Admissions, answers to Interrogatories and accompanying set of documents.

**Request for Admission 2:**

The water diversion structure constructed by Dalton Wilson and/or Underwood Livestock in 1998 consisted of a dam made from 19 truck tires and a new pipeline.

**Response:** Admit using 19 truck tires for the water diversion structure Deny using a new pipeline.

**Request for Admission 3:**

The Water Diversion Structure constructed by Dalton Wilson and/or Underwood Livestock was not located at the point of diversion for the water right described in Certificate 1656.

**Response:** Deny

**Request for Admission 4:**

On May 20, 1994, Don Bowman and Dalton Wilson entered into a Lease Agreement with an option to purchase real property and water rights described in the Lease Agreement, located in Lander and Eureka Counties, State of Nevada.

**Response:** Admit

**Request for Admission 5:**

The term of the Lease Agreement was for two years, commencing on May 20, 1994 and ending on May 20, 1996.

**Response:** Admit

**Request for Admission 6:**

Dalton Wilson did not exercise the option to purchase the real property and water rights described in the Lease Agreement by May 20, 1996 and neither Dalton Wilson nor Don Bowman extended the lease term in writing.

**Response:** Admit that Dalton Wilson did not extend the lease in writing but Underwood Livestock, Inc. did purchase the property from Don Bowman on April 4, 2002.

**Request for Admission 7:**

Plaintiff neither applied for a right-of-way nor obtained a right-of-way, from the Bureau of Land Management to construct a water diversion structure on BLM-administered public lands.

**Response:** Admit

**Request for Admission 8:**

The records of the Nevada State Engineer's office show that as of September 2000, Western Farm Credit was the owner of Certificate No. 1656.

**Response:** Admit that the records of theState Engineer show that Western Farm Credit was the owner of Certificate 1656 in September,20( although, as Exhibit B, attached hereto demonstrates, the offi records on file in the County Recorders' Officesi show that Don Bowman purchased the property and the Certificat on May 24, 1994.

**Request for Admission 9:**

The records of the Nevada State Engineer's office show that as of May 2005, Don Bowman was the owner of Certificate No. 1656.

**Response:** Admit that records in the State Engineer may show that, as of May, 2005, Don Bowman was the owner of Certificate 1656 but as demonstrated in the declaration of Don Bowman attached as Exhibit C, Don Bowman purchased the property and certificate in 1994 and then immediately transferred the property to Dalton Wilson through a lease purchase agreement.

**Request for Admission 10:**

The water diversion structure described in Certificate 1656 was unusable in 1980.