# Defendant's Exhibit N

MICHAEL F. MACKEDON
MACKEDON & McCORMICK
179 South LaVerne Street
Post Office Box 1203
Fallon, Nevada 89407
775-423-2106
Attorneys for plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DON BOWMAN and DALTON WILSON,<br><br>Plaintiffs,<br><br>vs.<br><br>BRUCE BABBITT, in his official capacity as the Secretary of the Interior; BUREAU OF LAND MANAGEMENT; GERALD M. SMITH, in his official capacity as Field Manager of the Battle Mountain Field Office,<br><br>Defendants. | Case No. ____________<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR DAMAGES<br><br>CV-N-00-0506-HDM-RAM |

NATURE OF ACTION

1. This action seeks injunctive and declaratory relief challenging the decision of defendants, BUREAU OF LAND MANAGEMENT, a federal agency within the UNITED STATES DEPARTMENT OF INTERIOR ("BLM"), BRUCE BABBITT, in his official capacity as the Secretary of the Interior; BUREAU OF LAND MANAGEMENT; GERALD M. SMITH, in his official capacity as Field

Manager of the Battle Mountain Field Office, purportedly finding plaintiff's in trespass as hereinafter set forth and to exclude plaintiffs from their private real property rights consisting of an easement on and across public lands which easement plaintiff's own and use to divert and deliver water to their deeded land. The BLM acting through GERALD M. SMITH, Field Manager of the Battle Mountain Field Office of the BLM, advised plaintiff DALTON WILSON, by letter dated October 5, 1998, a copy of which is attached hereto as Exhibit "A" and by this reference incorporated herein, that the rehabilitation and use of the works of diversion for plaintiffs' water right were presently under the jurisdiction of the BLM and that plaintiffs could not exercise use of the works of diversion without the permission of and then only subject to regulation by the BLM. Plaintiffs have contended throughout that plaintiffs' are the owners of valid Nevada surface water rights with a priority date of the 1st day of October, 1917; that the water right is appurtenant to lands owned by plaintiffs; that the works of diversion which were installed to appropriate the water commenced on the 1st day of October, 1917 and although on public lands presently and at the moment of construction, result in an easement in favor of plaintiffs; and, that plaintiffs rights to the water and easement in

question preceded the enactment of the laws and regulations which BLM relies upon to exercise authority on plaintiffs' property.

Defendant entered a trespass decision dated April 10, 2000, a copy of which is attached hereto as Exhibit "B" and by this reference incorporated herein. Plaintiffs responded by asserting that the plaintiffs' property rights predated the enactment of the Federal Land Policy and Management Act of 1976 and therefore plaintiffs could not be in trespass. Defendants responded by unilaterally treating plaintiffs letter as if it were an administrative appeal and plaintiffs therefore bring this action.

Plaintiffs seek preliminary and permanent injunctive relief to enjoin defendants from enforcing the trespass decision and from imposing any conditions on plaintiffs' right to access to plaintiffs' easement consisting of a diversion dam and a water transportation system, or interfering with plaintiffs' right to use and maintain said works of diversion within the easement, and quieting title to the easement in favor of plaintiffs so that the waters that serve this water right may be used beneficially on the real property to which they are appurtenant.

McCORMICK
Professional Corporation
. Laverne Street
O Box 1203
, NV 89407-1203
75 ) 423-2106

2. Plaintiffs request that they be awarded monetary damages for the deprivation of the right to enjoy the use of plaintiffs' property.

JURISDICTION AND VENUE

3. This Court has jurisdiction over this action by virtue of 28 USC section 1331, as this action arises under the laws of the United States, and 28 USC section 1346 (federal defendant).

4. Plaintiffs bring claims under the Mining Act of 1866, 14 Stat. 251-253, 43 USC 661 ("Mining Act"), the Federal Land Policy Management Act, 43 USC section 1701, et seq ("FLPMA"), the Declaratory Judgment Act, 28 USC section 2201, et seq ("DJA"), Quiet Title 28 U.S.C. section 24092 and the United States Constitution (Fifth and Fourteenth Amendments). An actual justiciable controversy now exists between plaintiffs and defendants, and the requested relief is therefore proper under 28 USC sections 2201-2202 and 5 USC sections 701-706.

5. Venue is proper in this Court under 28 USC section 1391(e) because the events giving rise to the claims herein occurred within this District, and the property which is the subject of the action is within this District, and the lands and resources in question are located in this District.

D... ORMICK
...sional Corporation
... Laverne Street
...). Box 1203
... NV 89407-1203
...5) 423-2106

6. The federal government has waived sovereign immunity in this action pursuant to 5 USC section 702 and the United States Constitution.

III. PARTIES

7. Plaintiff, DON BOWMAN, resides in Churchill County, Nevada. Plaintiff, DON BOWMAN is the record owner of property in Lander County, Nevada which is more particularly described in Exhibit "C" which is attached hereto and incorporated herein by reference; Plaintiff, DON BOWMN, is the beneficial owner of Nevada Water Right Permit No. 4613, Certificate 1656, with a priority date of October 1, 1917, a copy of which is attached as Exhibit "D" which is incorporated herein by reference. The water rights confirmed in Certificate 1656 are appurtenant to the aforementioned property.

8. Plaintiff, DALTON WILSON is a resident of Grass Valley, Lander County, Nevada and plaintiff, DALTON WILSON, has entered into an agreement to lease and an option to purchase the real property owned by DON BOWMAN and described above together with the Water Right Certificate 1656 appurtenant thereto. Plaintiff DALTON WILSON currently occupies said property for the purposes of operating a cattle and farming business. Plaintiffs therefore own, in addition

CORMICK
Corporation
Laverne Street
Box 1203
NV 89407-1203
5) 423-2106

to deeded lands, certificated water rights under the laws of the State of Nevada and an easement and right-of-way for the diversion and delivery of said Nevada water rights as established under the Mining Act and Nevada State law, local customs and practices appertaining and other federal and State laws.

Plaintiffs are each adversely affected by the actions taken by defendants as alleged herein.

8. Defendant BRUCE BABBITT is the Secretary of Interior. Mr. Babbitt is sued in his official capacity.

9. Defendant UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, is an agency of the federal government.

10. Defendant, GERALD M. SMITH, is sued in his official capacity as Field Manager of the BLM Battle Mountain Field Office who made the decision of trespass and has principal authority for the actions of the BLM asserted herein and who participated in the actions asserted herein.

IV. <u>FACTUAL AND LEGAL SETTING</u>

11. Plaintiffs' property was originally patented by Tom Bracken on February 19, 1924 according to patent of that date which is attached hereto and incorporated herein as Exhibit "E". Tom Bracken or John Hickison appropriated waters

ORMICK
Corporation
Laverne Street
O. Box 1203
NV 89407-1203
5) 423-2106

from Underwood Canyon by installing a diversion dam upstream from the patented land and a pipeline extending from the diversion dam to the deeded lands as evidenced by Nevada Water Right Certificate 1656. Such construction was typical for settlers who moved into the West during that period of time and was expressly confirmed as a lawful practice by the United States Congress which gave rise to vested rights including easements when it enacted the Mining Act of 1866. Specifically, by such use, the settlers acquired irrigation rights under the Mining Act and Congress confirmed the private property rights on federal lands by passage of the Mining Act of 1866. Section 9 of the Mining Act provides that "whenever, by priority of possession, right to the use of water for mining, agricultural, manufacturing, and other purposes, have vested and accrued, and the same are recognized and acknowledged by local customs, laws, and the decisions of courts, the possessors and owners of such vested rights shall be maintained and protected in the same, and the right of way for the construction of ditches and canals for the purposes aforesaid is hereby acknowledged and confirmed", 14 Stat. 253, Rev. Stat § 2339, 43 USC § 661. An integral incident of these water rights is the right of access to the water sources so that the water rights can actually be used, and the right to

…CORMICK
…ssional Corporation
…o. Laverne Street
P.O. Box 1203
…, NV 89407-1203
(775) 423-2106

maintain necessary works of diversion to produce and deliver water sufficient to satisfy the water right.

12. An integral incident of the right to construct dams and ditches is the necessary rights of sufficient access to said works of diversion to use and maintain them. In addition the works of diversion are owned by the plaintiffs and are appurtenant to and integral to the land and ranching operation to which the water rights are appurtenant.

13. The water rights in question are Nevada water rights and governed strictly by Nevada water law. The improvements which constitute the works of diversion and distribution belong to the plaintiffs and questions challenging plaintiffs' ownership and/or right to dominion and control must be interpreted according to Nevada law. The water rights owned by plaintiffs are surface water rights and are not subject to forfeiture for non-use under Nevada law, NRS 533.060. Plaintiffs rights which are in question have all arisen at a time and under laws which predate the BLM or the enactment of the FLPMA. The FLPMA specifically exempts from its purview rights in place existing prior to its enactment[1]

[1] The 1866 Act was repealed by the Federal Land Policy Management Act of 1976 (FLPMA). The FLPMA, however, included savings provisions such that rights acquired under the 1866 Act were not affected. See: 43 USCA § 1769 (West 1986) ("nothing in this subchapter shall have the effect of terminating any right-of-way... heretofore issued, granted, or permitted."); 43 USCA § 1701 (West 1986) ("Section 701 of Pub. L. 94-579

McCORMICK
Professional Corporation
Laverne Street
O. Box 1203
NV 89407-1203
(775) 423-2106

14. On April 10, 2000 GERALD M. SMITH, Field Manager of the BLM Battle Mountain Field Office issued a trespass decision in which it is alleged FLPMA applies to plaintiffs rights and infers that plaintiffs' rights to divert water may be denied because the water right in question may have been forfeited through non-use. All matters relative to plaintiffs certificated water rights are governed by Nevada water law and any determinations which would find Certificate 1656 to be forfeited would be based on either a ruling by the Nevada State Engineer or a Nevada District Court pursuant to the provisions of NRS Chapter 533. This decision does not acknowledge plaintiffs property easement, and purports to impose penalties, terms and conditions on the property rights belonging to plaintiffs not authorized by law and as such clouds plaintiffs' title to the easement and deeded land to which Certificate 1656's water rights are appurtenant.

V. CLAIMS FOR RELIEF

15. Plaintiffs incorporate by reference as fully set forth herein the allegations of paragraphs 1 - 14.

---

provided that "nothing in this Act..., or in any amendment made by this Act, shall be construed as terminating any valid lease, permit, patent, right-of-way, or other land use right or authorization existing on the date of approval this Act [Oct. 21, 1976'"). The FLPMA provided, rather, that no additional rights could be acquired under the previous land acts.

Do... McCORMICK
...ssional Corporation
...o. Laverne Street
...O. Box 1203
..., NV 89407-1203
...75) 423-2106

16. Plaintiffs have no adequate remedy at law which will prevent defendants from continuing to assert control of plaintiffs property nor from interfering with plaintiffs right to use plaintiffs property and harm to plaintiffs will continue to incur unless this Court enjoins the defendants from interfering with the use of said property.

17. Plaintiffs seek to quiet title to an easement on public lands sufficient to serve the water rights set forth in Certificate 1656 in favor of plaintiffs pursuant to the Quiet Title Act, and Mining Act of 1866 and the savings clause in FLPMA.

18. Plaintiffs seek to enjoin defendants from enforcing its order on trespass and from interfering in any way with plaintiffs rights, uses and occupancy of plaintiffs property.

VI. PRAYER FOR RELIEF

Plaintiff respectfully request that the Court grant the following relief:

1. Issue a Preliminary Injunction and/or permanent injunctive relief as requested by plaintiffs including, but not limited to, enjoining defendants' interfering with plaintiffs' right to use or access works of diversion which serve plaintiffs water rights;

ION ...CORMICK
ssional Corporation
). Laverne Street
O. Box 1203
NV 89407-1203
75 ) 423-2106

2. Enter an order confirming that plaintiffs have title to an easement of sufficient dimensions for diverting waters under Certificate 1656 from Underwood Canyon through a pipeline and or to plaintiffs deeded property along the course and congruent with that established by plaintiffs' predecessor in title;

3. Declaring that under the authority of the Quiet Title Act, and Mining Act of 1866 and FLPMA and the Fifth and Fourteenth Amendment of the United States Constitution an easement in favor of plaintiffs and a judicial declaration entered decreeing that the public lands managed by the defendants are subject to a right of way for an easement in favor of plaintiffs through their predecessors in title which is not subject to the authority of defendants to administer.

4. Order, declare and adjudge that the BLM's final decision violates FLPMA, Nevada law and is without warrant and exceeds any authority which defendants may lawfully assert in this case;

5. Award plaintiffs monetary damages according to proof;

6. Award plaintiffs reasonable costs of litigation expenses, including attorneys' fees under the Equal Access



...s McCORMICK
...fessional Corporation
So. Laverne Street
P.O. Box 1203
...lon, NV 89407-1203
(775) 423-2108

and Justice Act (28 USC §2412, et seq.) and all other applicable authorities;

7. For such other further relief as to this Court seems just in the premises.

DATED: This 26th day of September, 2000

MICHAEL F. MACKEDON
State Bar No. 2388
MACKEDON, McCORMICK & KING
A Professional Corporation
179 S. LaVerne Street
P.O. Box 1203
Fallon, Nevada 89407

CORMICK
.orporation
. .me Street
O Box 1203
NV 89407-1203
75 ) 423-2106