# Defendant's Exhibit Q

United States Department of the Interior

**Bureau of Land Management**
Battle Mountain Field Office
50 Bastian Road
Battle Mountain, Nevada 89820
(775) 635-4000 Fax (775 ) 635-4034

In Reply Refer to:
N-66189
NV-060-428
2800/8550/9232
(NV-063.7)

APR 1 0 2000

**TRESPASS DECISION**

CERTIFIED MAIL 7099 3220 0005 9370 0758
*Return Receipt Requested*

Mr. Dalton Wilson, President
Underwood Livestock
P. O. Box 74
Austin, NV 89310

CERTIFIED MAIL 7099 3220 0005 9370 0963
*Return Receipt Requested*

Mr. Don Bowman
2040 Reno Highway
Fallon, NV 89406

Dear Mr. Wilson and Mr. Bowman:

On March 8, 2000, you were both advised, by certified mail, that the United States of America, through the Bureau of Land Management (Bureau), had instituted trespass proceedings against you, pursuant to 43 CFR 2801.3 under the authority of the Federal Land Policy and Management Act of 1976 (43 U.S.C. 1701 et seq.,) for the installation of a water diversion structure in Underwood Canyon, within the Simpson Park Wilderness Study Area. The unauthorized structure, which you both have admitted was installed by Dalton Wilson for the apparent benefit of Don Bowman, is made primarily of 19 heavy equipment tires, and is located on the following described lands under the jurisdiction of the Bureau of Land Management:

Mount Diablo Meridian, Nevada
T. 22 N., R. 48 E.,
sec. 7, NE ¼.

In your response, Mr. Wilson, which was dated March 27, 2000, and received in this office on March 29, 2000, you denied violating 43 CFR 2801.3, the Bureau's Interim Management Policy for Land Under Wilderness Review, §603(c) of the Federal Land Policy and Management Act, or 43 U.S.C. §1701. However, you did not supply evidence to support your position that you are not in trespass on Federal land within a Wilderness Study Area.

In your response, Mr. Bowman, which was dated March 27, 2000, and received in this office on March 30, 2000, you denied that you and Dalton Wilson have violated Federal regulations ". . . by rebuilding a diversion within existing rights-of-ways granted by state laws, local customs and by the original patent signed by President Herbert Hoover." You also stated "Dalton is planning to resume work next week on the ditch between the diversion and the ranch."

Title 43 Code of Federal Regulations §2801.3 states, "Any use, occupancy, or development of the public lands that requires a right-of-way, temporary use permit, or other authorization pursuant to the regulations of that part and that has not been so authorized, or that is beyond the scope and specific limitations of such an authorization, or that causes unnecessary or undue degradation, is prohibited and shall constitute a trespass. . . ." The purpose of the March 8, 2000, letters was to provide you time in which to arrange for payment of your trespass liability *or* to provide information or evidence to assist in the adjudication of the Bureau's trespass claim against you.

WHEREAS, both of you, Dalton Wilson and Don Bowman, have been afforded opportunities to resolve this matter, either by supplying proof as to why the construction and presence of the aforementioned water diversion structure is not unauthorized use, or by removing the structure, and have failed to take advantage of such opportunities;

WHEREAS we do not find sufficient evidence to support your assertion of a right-of-way;

WHEREAS letters sent to each of you on March 8, 2000, notified you that any additional work (such as Mr. Wilson's stated plans to install a head gate and to construct a pipeline to private and public land near the mouth of Underwood Canyon) would constitute willful trespass:

THEREFORE, IT IS MY FINAL DECISION that the construction of the aforementioned water diversion structure and its presence on the above-described public land constitutes trespass and you are liable for the actual costs the Bureau incurs in resolving your trespass.

YOU ARE HEREBY REQUIRED, IMMEDIATELY, to cease and desist from any additional construction work related to this water diversion. As you were officially notified in the letters dated March 8, 2000, any such additional work will be considered willful trespass and will make you liable for additional damages.

YOU ARE ALSO REQUIRED, ON OR BY MAY 10, 2000, to pay **$6,722.16**, the trespass liability you have incurred to date. This constitutes the administrative costs incurred by the Bureau to April 7, 2000, in investigating and attempting to abate your trespass, as provided in 43 CFR 2801.3(b)(1). Documentation of these costs is available in the Battle Mountain Field Office.

YOU ARE FURTHER REQUIRED to make arrangements with this office for the satisfactory removal of the referenced water diversion structure and rehabilitation of the site. Because this trespass is within a Wilderness Study Area, which must be managed so as to prevent impairment to wilderness characteristics, pursuant to §603 (c) of the Federal Land Policy and Management Act of 1976, 43 U.S.C. 1782(c), you are not to undertake any removal efforts without this office having approved your removal and rehabilitation methods in writing.

If you fail to arrange with the Bureau for removal of the unauthorized structure and rehabilitation of the site by May 10, 2000, the Bureau will remove the unauthorized structure and rehabilitate the site at your expense, as provided in 43 CFR 2801.3 (b)(3). The Bureau will also take possession of and remove any personal property of value that may be found on the premises after May 10, 2000, and will store said personal property at the owner's expense at the Battle Mountain Field Office, 50 Bastian Road, Battle Mountain, NV 89820. Such property may be claimed within 30 days after removal, upon payment of the trespass liability, including any additional expenses as may accrue. Failure to claim said property within the specified time will constitute abandonment, and said property shall become the property of the United States.

Failure to resolve your trespass liability and to arrange for satisfactory removal of the referenced structure by the prescribed date of May 10, 2000, may result in additional trespass penalties and a citation for your appearance before a designated United States magistrate, who may impose fines of not more than $1,000 or imprisonment of not more than 12 months, or both, under Title 43 CFR §9262.1.

This decision may be appealed to the Interior Board of Land Appeals, Office of the Secretary, in accordance with the regulations contained in 43 CFR, Part 4 and enclosed Form 1842-1. If an appeal is taken, your notice of appeal must be filed in this office (at the above address) within 30 days from the receipt of this decision. The appellant has the burden of showing that the decision appealed from is in error.

If you wish to file a petition pursuant to regulation 43 CFR 4.21 (58 FR 4939, January 19, 1993) or 43 CFR 2804.1 for a stay of the effectiveness of this decision during the time your appeal is being reviewed by the Board, the petition for a stay must accompany your notice of appeal. A petition for a stay is required to show sufficient justification based on the standards listed below. Copies of the notice of appeal and petition for a stay must also be submitted to each party named in this decision and to the Interior Board of Land

Appeals and to the appropriate Office of the Solicitor (see 43 CFR 4.413) at the same time the original documents are filed in this office. If you request a stay, you have the burden of proof to demonstrate that a stay should be granted.

Standards for Obtaining a Stay

Except as otherwise provided by law or other pertinent regulation, a petition for a stay of a decision pending appeal shall show sufficient justification based on the following standards:

(1) The relative harm to the parties if the stay is granted or denied;

(2) The likelihood of the appellant's success on the merits;

(3) The likelihood of immediate and irreparable harm if the stay is not granted; and

(4) Whether the public interest favors granting the stay.

Gail G. Givens
Assistant Field Manager
Nonrenewable Resources

Enclosures (2):
Bill for Collection (1 pp.)
Form 1842-1 (1 p)

cc:
Western Farm Credit Bank
3636 American River Drive
Sacramento, CA 95864

State Engineer, NDWR

Nevada BLM State Director, NV 930

John Steiger, Solicitor

Dual Index Eureka Co. 0 -02

WHEN RECORDED MAIL TO:

James F. Sloan
Attorney At Law
977 W. Williams Ave.
Fallon, Nv. 89406

5-240-02 & 05-240-03 Lander Co.

# QUITCLAIM DEED

The undersigned grantor(s) declare(s):
Documentary transfer tax is: ___________
( ) computed on full value of property conveyed, or
( ) computed on full value less value of liens and encumbrances remaining at time of sale.
( ) Unincorporated area: ( ) City of ______________________.

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **WESTERN FARM CREDIT BANK**

hereby REMISE(S), RELEASE(S), AND FOREVER QUITCLAIM(S) to

**DON BOWMAN, A Married Man, Dealing in his Sole and Separate Property**

all that real property situated in the Counties of Lander and Eureka, State of Nevada, described as follows

**FOR REAL PROPERTY DESCRIPTION SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF**

Dated: May 23, 1994

WESTERN FARM CREDIT BANK

By: *[signature]*
Ron McCammon, Asst. Vice President

WESTERN FARM CREDIT BANK ORGANIZED JULY 1st 1988 ELEVENTH DISTRICT

STATE OF California............)
)
COUNTY OF Sacramento......)

On June 1, 1994, before me personally appeared Ron McCammon, Assistant Vice President personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal. (Seal)

Signature *[signature]*

OFFICIAL SEAL
Andrea J. T...
NOTARY PUBLIC CALIF.
SACRAMENTO COUNTY
My Comm. Expires Feb. 24, 1995