IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNDERWOOD LIVESTOCK, INC., Plaintiff, | ) | No. 05-162 L |
| v. | ) | Judge Mary Ellen Coster Williams |
| UNITED STATES, Defendant. | ) | |

**PLAINTIFF'S SUPPLEMENTAL PLEADINGS FOLLOWING TELEPHONIC ORAL ARGUMENT ON AUGUST 29, 2006**

**DECLARATION OF DON BOWMAN**

I, Don Bowman, pursuant to 28 U.S.C. Sec. 1746, and under pain and penalty of perjury, declare as follows:

1. That on May 20, 1994, I was the owner of certain real property located in Eureka and Lander Counties, State of Nevada, which are more particularly described in a Lease and Option to Purchase Agreement attached hereto as Exhibit A.

2. That on May 20, 1994, I entered into a Lease and Option to Purchase Agreement with Dalton Wilson in which he pledged, as collateral, to me, certain water rights and grazing preferences held by his corporation, Underwood Livestock, Inc. (See page 4, Exhibit A).

3. That, in early 1995, I initiated foreclosure proceedings due to Mr. Wilson's inability to keep current in the payments due me in accordance with the terms and conditions set forth in the agreement. My Fallon, Nevada, attorney, James Sloan, held, in escrow, a quitclaim deed and a

promissory note in the event of any foreclosure. These documents are attached as Exhibits B and C, respectively.

4. That on April 3, 1995, Mr. Wilson executed an "Addendum to Lease Agreement" in which he bound his solely owned corporation, Underwood Livestock, Inc., to the same terms and conditions as the lease agreement he entered into in May 1994. (See attached copy, Exhibit D.)

5. That on May 23, 1995, I tendered to Mr. Wilson a handwritten note (attached hereto as Exhibit E) in which I offered to renew the lease on the same terms and conditions as originally stated, provided that I be paid the sum of $4,218.00 as past due interest on or before June 1, 1995.

6. That I received the sum of $4,218.00 before June 1, 1995, and that thereafter all payments due me under the terms and conditions of the agreement were paid by Underwood Livestock, Inc. Underwood Livestock, Inc. thereafter exercised the option and did in fact complete the purchase of the above-described property.

Dated this 20th day of September, 2006

Don Bowman

DON BOWMAN

STATE OF NEVADA )
: ss.
County of Churchill )

Personally appeared before me, a Notary Public, Don Bowman, who is personally known to me and who, in my presence, executed the within Declaration consisting of two pages.

Deborah L Shaw

NOTARY PUBLIC

DEBORAH L. SHAW
NOTARY PUBLIC
STATE OF NEVADA
APPT. No 98-2164-4
MY APPT. EXPIRES MAY 7, 2010

Ex. A

LEASE AGREEMENT WITH OPTION TO PURCHASE

THIS LEASE AGREEMENT is made and entered into this 20 day of May, 1994, by and between DON BOWMAN, a married man dealing in his sole and separate property, of Churchill County, Nevada, hereinafter referred to as "LESSOR", and DALTON WILSON, an unmarried man, of Lander and Eureka Counties, Nevada, hereinafter referred to as "LESSEE".

R E C I T A L S:

1. LESSOR is fee title owner of a certain real property with water rights located in Lander and Eureka Counties, State of Nevada.

2. LESSOR desires to enter into a Lease with Option to Purchase with LESSEE.

3. LESSEE desires to enter into a Lease with Option to Purchase with LESSOR.

NOW, THEREFORE, the parties in consideration of the mutual terms and conditions hereinafter set forth, agree as follows:

1. LEASE AND DESCRIPTION OF PROPERTY:

LESSOR leases to LESSEE and LESSEE leases from LESSOR that certain real property and water rights located in Lander and Eureka Counties, State of Nevada, more particularly described as follows:

> All that certain real property situate in the Counties of Eureka and Lander, State of Nevada, described as follows:
>
> Parcel No. 1: Township 22 North, Range 48 East, M.D.B.&M., (Eureka County), Section 21: Northwest Quarter of the Southwest Quarter.

<u>Parcel No. 2:</u> Township 22 North, Range 47 East, M.D.B.&M., (Lander County), Section 12: South half of the Northwest Quarter.

<u>Parcel No. 3:</u> Township 22 North, Range 48 East, M.D.B.&M., (Lander County), Section 17: Northwest Quarter of the Southeast Quarter.

EXCEPTING FROM the above parcel an undivided one half interest in and to all petroleum, oil, natural gas or other hydro-carbon substances, and any and all other mineral, minerals, or mineral rights, in, upon, or under said lands owned or possessed by First Party, together with the right to enter on said land to prospect for, recover and remove the same, as reserved in the Deed from PETE ETCHEVERRY, a widower, to FILBERT ETCHEVERRY and MICHEL ETCHEVERRY, a Co-Partnership doing business under the firm name and style of EUREKA LIVESTOCK COMPANY, recorded April 30,1965, in Book 7 of Official Records, at Page 260, Lander County Records.

TOGETHER with all Trustor's right, title and interest in water rights in the Counties of Lander and Eureka, State of Nevada, based upon the following:

Application No. 4613, Certificate Record No. 1656, Book 6, Page 1656, more specifically described as follows:

> NW 1/4 of NE 1/4, Section 7, T. 22 N; Range 48 E., M.D.B.&M. or at a point which bears S. 30° 30' E., 1300 feet distant from N 1/2 Corner Section 7, same township and range.

AND

Application No. 4758, Certificate Record No. 1657, Book 6, Page 1657, more specifically described as follows:

> SW 1/4 of NE 1/4, Section 23, T. 22 N; Range 47 E., M.D.B.&M. or a point which bears S. 59° 20'-W., 8510 feet from E 1/4 Corner Section 13, same township and range.

2. TERM PAYMENTS:

This Lease shall be a term of two (2) years, commencing on the 20th day of May, 1994, and ending at 12:00 midnight on the 20th day of May, 1996.

3. LEASE AGREEMENTS:

LESSEE shall pay to LESSOR the sum of TWENTY-EIGHT THOUSAND, EIGHT HUNDRED DOLLARS ($28,800.00) for the total Lease term. Said amount shall be payable in monthly installments of ONE THOUSAND, TWO HUNDRED DOLLARS ($1,200.00) per month with the first monthly installment becoming due on the 20th day of June, 1994, and each monthly installment thereafter becoming due on the 20th day of each month.

LESSEE shall pay a Late Penalty of ONE HUNDRED, TWENTY DOLLARS ($120.00) to LESSOR for any monthly installment which is received by LESSOR more than five (5) days after the due date.

4. OPTION TO PURCHASE:

LESSEE shall have the option to purchase the property leased herein and herein described. Said Option to Purchase shall be exercised by LESSEE notifying LESSOR of his intent to purchase in writing before the end of the term of this Lease.

LESSOR and LESSEE agree that the total purchase price shall be TWENTY-FIVE THOUSAND DOLLARS ($25,000.00).

LESSOR and LESSEE agree that ONE THOUSAND, FORTY-ONE AND 67/100th DOLLARS ($1,041.67) of each monthly rental installment paid by LESSEE to LESSOR may be applied towards the purchase price.

LESSEE shall have the option to pay LESSOR the sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) prior to the end of the term of this Lease providing LESSOR shall receive interest on said TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) at the rate of TWELVE PER CENT (12%) per annum from the commencement of this Lease until the time of payoff together with an additional fee of FIVE HUNDRED DOLLARS ($500.00). The sum of ONE THOUSAND, FORTY-ONE DOLLARS and 67/100ths ($1,041.67) of each monthly rental payment shall be credited toward a principal reduction of the purchase price of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) until time of early exercise of Option to Purchase.

Said Option to Purchase shall only be exercised by LESSEE if LESSEE is not in Default of the terms of this Lease.

5. SECURITY FOR PERFORMANCE OF LEASE:

LESSEE shall assign by Quit Claim Deed or other transfer to LESSOR, all his right, title and interest in the following described water rights and grazing preferences as additional security for performance of this Lease:

> All of Grantor's right, title and interest in and to grazing privileges totalling 1462 AUM's being the allotment identified on the records of the Bureau of Land Management as the "Underwood Unit", situate in the Counties of EUREKA and LANDER, State of Nevada, based on the following:

Water Base:

> Brackney Place, T.22N.,R.47E., Sec. 12: S1/2 of the NW 1/4
> Underwood Spring, T.22N., R.48E., Sec. 17: NW1/4 of the SE 1/4
> Underwood Canyon, T.22N., R.48E., Sec. 21: NW1/4 of the SW 1/4
> Wood Canyon Spring and Cottonwood Spring

ALSO TOGETHER WITH all of Grantor's right, title and interest in and to all water, water rights and other rights or privileges used in conjunction with the above-described fee land and the land affected by the above-referenced grazing privileges, including, but not limited to water rights evidenced by the following described Certificates of Appropriation of Water:

Certificate No. 2049, Application No. 9058, Book 7, Page 2049, pertaining to waters appurtenant to and/or works of diversion in the East.

Certificate No. 1299, Application No. 7424, Book 5, Page 1299, described as: N.77° 10'E. 3913.6 ft. distant from 1/4 corner common to Sections 11 and 12, T. 21 N., R. 47E., or in SW1/4 of NE1/4, Sec. 12, T. 21 N., R. 47 E., M.D.B.&M, situate in the County of Lander, State of Nevada.

Certificate No. 1655, Application No. 7893, Book 6, Page 1655, described as: NW1/4 of SE1/4, Sec. 12., T. 22 N., R. 47 E., M.D.B.&M, or at a point which bears S. 66° 10' W., 2460 feet from E 1/4 corner section 12, same township and range, situate in the County of Lander, State of Nevada.

Certificate No. 2057, Application No. 8892, Book 7, Page 2057, described as: NE1/4 of NE1/4, Sec. 21., T. 22 N., R. 48 E., M.D.B.&M, or at a point which bears S. 53° 30' W., 1234 feet from NE1/4 corner of said Section 21, situate in the County of Eureka, State of Nevada.

Certificate No. 2049, Application No. 9058, Book 7, Page 2049, described as: NE1/4 of NW1/4, Sec. 30., T. 22 N., R. 48 E., M.D.B.&M, or at a point which bears S. 73° 17' W., 3780 feet from NE corner of said Section 30, situate in the County of Lander, State of Nevada.

Said Assignment or Quit Claim Deed shall be held in escrow by JAMES F. SLOAN, ESQ., Attorney at Law, 977 West Williams Avenue, Fallon, Nevada 89406.

In event LESSEE shall default in the performance of the terms of this Lease as set forth in Paragraph 10 of this Lease

pertaining to Default, said Attorney shall be authorized to release said Assignment or Quit Claim Deed to LESSOR.

LESSOR shall execute a Quit Claim Deed to LESSEE for said property described in this Lease to be held in escrow by JAMES F. SLOAN, ESQ, Attorney at Law. Said Deed shall only be released to LESSEE upon written instructions of LESSOR that LESSEE has fully performed the terms of this Lease and Option.

6. TAXES:

LESSEE, in addition to the Lease payments herein, shall pay all real estate taxes and assessments. Said taxes and assessments shall be brought current within ten (10) days of execution of this Lease.

7. MAINTENANCE OF PROPERTY AND PRESERVATION OF ANY WATER RIGHTS OR GRAZING PREFERENCES:

LESSEE shall be responsible for maintenance and repair, at his own expense, of all corrals, barns, fences, watering facilities, drift fences and irrigation systems during the term of this Lease.

LESSEE shall pay all grazing fees for livestock which utilize BLM grazing preferences. LESSEE shall comply with BLM regulations and avoid any trespass violations which may jeopardize BLM grazing preferences.

LESSOR and LESSEE acknowledge that only the property described as an additional security in Paragraph No. 5 is base property for BLM grazing preference.

8. ASSIGNMENT AND SUBLEASE:

LESSEE shall not sublease or assign this Lease without written consent of LESSOR.

9. HOLD HARMLESS PROVISION:

LESSEE agrees to hold LESSOR harmless from any liability for any acts or conduct of the LESSEE and LESSEE'S agents, employees, business invitees and guests on said premises.

10. DEFAULT:

LESSEE and LESSOR shall have a period of thirty (30) days to cure any default by either party of the terms and conditions of this Lease Agreement. Said thirty (30) days period of time shall commence three (3) days after mailing of a written notice by non-defaulting party to defaulting party or on the day after personal delivery by either party of written notice of default.

In event either party shall not cure default within the thirty (30) days after commencement of the period to cure default, either party may terminate this Lease Agreement whereby it shall no longer have any force or effect.

11. WRITTEN NOTICE:

Written notice shall be delivered to the parties at the following addresses:

| LESSOR | LESSEE |
|---|---|
| DON BOWMAN<br>PO BOX 1024<br>Fallon, NV 89406 | DALTON WILSON<br>P. O. Box 165<br>Austin, NV 89310 |

12. BINDING EFFECT:

This Lease Agreement shall be binding upon the heirs,

executors, administrators, assigns and successors of the parties.

13. APPLICABLE LAW AND VENUE:

The law of the State of Nevada shall apply to this Lease Agreement and venue for any civil action shall be in Churchill County, Nevada.

IN WITNESS WHEREOF, the parties have executed this Agreement on the day and year first above written.

LESSOR: Don Bowman
DON BOWMAN

LESSEE: Dalton Wilson
DALTON WILSON

STATE OF NEVADA )
: SS.
County of Churchill )

On the 20th day of May, 1994, personally appeared before me, a Notary Public, DALTON WILSON, personally known (or proved) to me to be the person whose name is subscribed to the above instrument, who acknowledged that he executed the instrument.

Connie Marie Sloan
NOTARY PUBLIC

CONNIE MARIE SLOAN
Notary Public - State of Nevada
Appointment Recorded in Churchill County
MY APPOINTMENT EXPIRES SEPT. 7, 1997

STATE OF NEVADA )
: SS.
County of Churchill )

On the 23 day of May, 1994, personally appeared before me, a Notary Public, DON BOWMAN, personally known (or proved) to me to be the person whose name is subscribed to the above instrument, who acknowledged that he executed the instrument.

Heather L. Stroup
NOTARY PUBLIC

HEATHER L. STROUP
Notary Public - State of Nevada
Appointment Recorded in Churchill County
MY APPOINTMENT EXPIRES SEPT. 7, 1997

Ex. B

After recording, mail to:
James F. Sloan
Attorney at Law
977 West Williams Ave.
Fallon, Nevada 89406

QUITCLAIM DEED

THIS DEED is made this 12 day of May, 1994, by and between DALTON WILSON, an unmarried man, of the County of Churchill, State of Nevada, hereinafter referred to as "Grantor" and DON BOWMAN, a married man dealing in his sole and separate property, of the County of Churchill, State of Nevada, hereinafter referred to as "Grantee".

W I T N E S S E T H :

THAT Grantor, for and in consideration of the sum of TEN DOLLARS ($10.00), lawful money of the United States, and other valuable consideration, to him in hand paid by Grantee, the receipt of which is hereby acknowledged, by these presents does hereby QUITCLAIM any interest the Grantor may have acquired in the following:

> All of Grantor's right, title and interest in and to grazing privileges totalling 1462 AUM's being the allotment identified on the records of the Bureau of Land Management as the "Underwood Unit", situate in the Counties of EUREKA and LANDER, State of Nevada, based on the following:

Water Base:

> Brackney Place, T.22N.,R.47E., Sec. 12: S1/2 of the NW 1/4
> Underwood Spring, T.22N., R.48E., Sec. 17: NW1/4 of the SE 1/4
> Underwood Canyon, T.22N., R.48E., Sec. 21:

NW1/4 of the SW 1/4
Wood Canyon Spring and Cottonwood Spring

ALSO TOGETHER WITH all of Grantor's right, title and interest in and to all water, water rights and other rights or privileges used in conjunction with the above-described fee land and the land affected by the above-referenced grazing privileges, including, but not limited to water rights evidenced by the following described Certificates of Appropriation of Water:

Certificate No. 2049, Application No. 9058, Book 7, Page 2049, pertaining to waters appurtenant to and/or works of diversion in the East.

Certificate No. 1299, Application No. 7424, Book 5, Page 1299, described as: N.77° 10'E. 3913.6 ft. distant from 1/4 corner common to Sections 11 and 12, T. 21 N., R. 47E., or in SW1/4 of NE1/4, Sec. 12, T. 21 N., R. 47 E., M.D.B.&M, situate in the County of Lander, State of Nevada.

Certificate No. 1655, Application No. 7893, Book 6, Page 1655, described as: NW1/4 of SE1/4, Sec. 12., T. 22 N., R. 47 E., M.D.B.&M, or at a point which bears S. 66° 10' W., 2460 feet from E 1/4 corner section 12, same township and range, situate in the County of Lander, State of Nevada.

Certificate No. 2057, Application No. 8892, Book 7, Page 2057, described as: NE1/4 of NE1/4, Sec. 21., T. 22 N., R. 48 E., M.D.B.&M, or at a point which bears S. 53° 30' W., 1234 feet from NE1/4 corner of said Section 21, situate in the County of Eureka, State of Nevada.

Certificate No. 2049, Application No. 9058, Book 7, Page 2049, described as: NE1/4 of NW1/4, Sec. 30., T. 22 N., R. 48 E., M.D.B.&M, or at a point which bears S. 73° 17' W., 3780 feet from NE corner of said Section 30, situate in the County of Lander, State of Nevada.

Dated this 12th day of May, 1994.

Dalton Wilson

DALTON WILSON

STATE OF Nevada )
: ss.
County of Churchill )

On this 12th day of May, 1994, before me, the undersigned Notary Public, personally appeared DALTON WILSON, known to me to be the person whose name is subscribed to the foregoing Quitclaim Deed, and in my presence acknowledged to me that he executed the same.

Heather L. Stroup
NOTARY PUBLIC

HEATHER L. STROUP
Notary Public - State of Nevada
Appointment Recorded in Churchill County
MY APPOINTMENT EXPIRES SEPT 7, 1997

Ex. C

PROMISSORY NOTE

$25,500.00

May ____, 1994

FOR VALUE RECEIVED, the Maker of this Note, DALTON WILSON, unmarried man, promises to pay to Payee, DONALD BOWMAN, a married man as his sole and separate property, or holder hereof, the sum of TWENTY FIVE THOUSAND, FIVE HUNDRED DOLLARS ($25,500.00), plus interest upon the unpaid balance thereof at the rate of TWELVE (12%) percent per annum commencing on the ___ day of May, 1994. It is further agreed that the said TWENTY FIVE THOUSAND, FIVE HUNDRED DOLLARS ($25,500.00), plus interest at TWELVE (12%) PERCENT shall be paid as follows:

> Principal and interest to be payable in monthly installments of TWELVE HUNDRED DOLLARS ($1,200.00), beginning on the 1 day of June, 1994, for a total of twenty-four (24) payments. Payments are to be due on the 1 day of each and every month until principal and interest are paid in full.
>
> Maker to pay a late penalty for late charges equal to the sum of ONE HUNDRED, TWENTY DOLLARS ($120.00) for every payment made more than fifteen (15) days past the due date.
>
> There shall be no pre-payment penalties for payment of this Note in full prior to maturity.

If default be made in the payment of any installment as provided herein or in any of the covenants contained in the Deed of Trust securing this Note or in the payment of any installment; or in the event any maker executes a general assignment for the benefit of creditors, or a bankruptcy proceeding is commenced by or against any maker; or in the event a receiver is appointed for any maker or the property of any maker, then, upon the happening of any one such event, the entire sum of principal and interest, then unpaid shall forthwith become due and payable, at the option of the holder, without notice or demand. The acceleration of this Note prior to maturity shall be subject to the thirty-five (35) days cure provision after recording of Notice of Default and Election to Sell under the Deed of Trust securing this Note pursuant to N.R.S. 107.080 and any automatic stay provisions of 11 U.S.C. 362, United States Bankruptcy Code.

The maker agrees to pay all costs and expenses incurred in enforcing the conditions and covenants of the Note and Deed of Trust securing said note and specifically including the collection of any portion of this Note by suit or otherwise, including all costs and expenses in connection therewith including attorney's fees.

The holder shall not by any act of omission or commission be deemed to waive any rights or remedies hereunder unless such waiver be in writing signed by the holder, and then only to the extent set forth therein.

Presentment, notice of dishonor and protest are hereby waived by all makers, sureties, guarantors and endorsers thereof. This Note shall be the joint and several obligation of all makers, sureties, guarantors and endorsers. Such liability shall continue in the event any extension of time for repayment is given.

This Note is secured by Deed of Trust of even date herewith.

In the event Maker (Trustor under that certain Deed of Trust executed this date) shall transfer, sell, enter into a Contract of Sale, or assign the property subject to the Deed of Trust, or any interest therein to a third party, before the Promissory Note secured by the Deed of Trust shall mature at the end of twenty-four (24) months, the entire principal amount and accrued interest shall become due and payable immediately to Payee (Beneficiary under that certain Deed of Trust) unless Payee (Beneficiary) shall in writing consent to such a transaction, such consent to be not unreasonably withheld.

Dalton Wilson

DALTON WILSON

**EXHIBIT A**

**AUM PREFERENCE**

TOGETHER WITH all of Trustor's right, title and interest in and to grazing privileges totalling 1462 AUM's being the allotment identified on the records of the Bureau of Land Management as the "Underwood Unit", situate in the Counties of EUREKA and LANDER, State of Nevada, based on the following:

Water Base:

Brackney Place, T.22N.,R.47E., Sec. 12: S1/2 of the NW 1/4

Underwood Spring, T.22N., R.48E., Sec. 17: NW1/4 of the SE 1/4

Underwood Canyon, T.22N., R.48E., Sec. 21: NW1/4 of the SW 1/4

and Wood Canyon Spring and Cottonwood Spring

ALSO TOGETHER WITH all of Trustor's right, title and interest in and to all water, water rights and other rights or privileges used in conjunction with the above-described fee land and the land affected by the above-referenced grazing privileges, including, but not limited to water rights evidenced by the following described Certificates of Appropriation of Water:

Certificate No. 2049, Application No. 9058, Book 7, Page 2049, pertaining to waters appurtenant to and/or works of diversion in the East.

Certificate No. 1299, Application No. 7424, Book 5, Page 1299, described as: N.77° 10'E. 3913.6 ft. distant from 1/4 corner common to Sections 11 and 12, T. 21 N., R. 47E., or in SW1/4 of NE1/4, Sec. 12, T. 21 N., R. 47 E., M.D.B.&M, situate in the County of Lander, State of Nevada.

Certificate No. 1655, Application No. 7893, Book 6, Page 1655, described as: NW1/4 of SE1/4, Sec. 12., T. 22 N., R. 47 E., M.D.B.&M, or at a point which bears S. 66° 10' W., 2460 feet from E 1/4 corner section 12, same township and range, situate in the County of Lander, State of Nevada.

Certificate No. 2057, Application No. 8892, Book 7, Page 2057, described as: NE1/4 of NE1/4, Sec. 21., T. 22 N., R. 48 E., M.D.B.&M, or at a point which bears S. 53° 30' W., 1234 feet from NE1/4 corner of said Section 21, situate in the County of Eureka, State of Nevada.

Certificate No. 2049, Application No. 9058, Book 7, Page 2049, described as: NE1/4 of NW1/4, Sec. 30., T. 22 N., R. 48 E., M.D.B.&M, or at a point which bears S. 73° 17' W., 3780 feet from NE corner of said Section 30, situate in the County of Lander, State of Nevada.

Ex. D

ADDENDUM TO LEASE AGREEMENT

THIS ADDENDUM, to the lease agreement of May 20,1994, between DON BOWMAN and DALTON WILSON, declares that UNDERWOOD LIVESTOCK, a Nevada corporation, is hereby bound to the terms of said lease agreement. This addendum is made and entered into this third day of April 3, 1995.

UNDERWOOD LIVESTOCK
DALTON WILSON, President

Witness

Ex. E

REAL ESTATE . . . LIVESTOCK . . . AUCTIONS . . . ADVERTISING

DON BOWMAN
~~1000 AUCTION ROAD~~ 2040 Reno Hwy
FALLON, NEVADA 89406
702/~~423-6666~~ 423-6197

May 23, 1995

Dalton,

If you will pay $4218^{00} for interest and my out of pocket expenses by June 1, 1995, I will renew the lease on the same terms as before for a period of 1 year.

Don Bowman