IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| UNDERWOOD LIVESTOCK, INC., Plaintiff, v. UNITED STATES, Defendant. | No. 05-162 L<br>Judge Mary Ellen Coster Williams |

**PLAINTIFF'S RESPONSE RE:**
**ORDER DIRECTING SUPPLEMENTATION OF THE RECORD**

Comes now the plaintiff, through its counsel, and submits this Response Re: Order Directing Supplementation of the Record.

Attached hereto are three documents of the case Don Bowman and Dalton Wilson v. Babbit, No. CV-N-00-506- HDM. Plaintiff asserts that the documents speak for themselves demonstrating that plaintiff here was not a party to those proceedings.[1] Further, the record appears to show that the District Court did not consider the decision of the IBLA, either.

In addition, and plaintiff hereby seeks leave of the court to submit the same, the attached copy of a letter from attorney Michael Mackedon to attorney James Sloan, dated April 19, 1995. The letter references Underwood Livestock as having an interest in the property at issue in this case at least by that time. This may provide further indicia of Underwood's interest in the subject

///

[1] Documents (59) Motion to Dismiss, (60) Minutes of the Court, and (61) Judgment of Dismissal attached.

property in conjunction with the lease addendum previously submitted herein.

Dated this Jun 19, 2007

Respectfully submitted,

/s/ Martin Crowley

MARTIN CROWLEY, Esq.
American Legal Services
85 South LaVerne Street
Fallon, Nevada 89406
(775) 423-7088
AmericanLegal@gmail.com

Counsel for Plaintiff

RECEIVED IN DROP BOX
CLERK U.S. DISTRICT COURT DISTRICT OF NEVADA

U.S. DISTRICT ... DISTRICT OF NEVADA RECEIVED
AUG - 6

FILED
03 AUG 27 AM 9:22
LANCE S. WILSON CLERK
BY DEPUTY

DANIEL G. BOGDEN
United States Attorney
District of Nevada
BLAINE T. WELSH
Assistant United States Attorney
Bar No. 4790
333 Las Vegas Blvd. So., #5000
Las Vegas, Nevada 89101
Ph: (702) 388-6336
Fax: (702) 388-6787

Attorneys for the United States

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DALTON WILSON,<br>Plaintiff,<br>vs.<br>BRUCE BABBITT, *et al.*,<br>Defendants. | CV-N-00-0506-HDM (RAM) |

**UNITED STATES' MOTION TO DISMISS PLAINTIFF DALTON WILSON'S QUIET TITLE ACT CLAIM**

Defendants respectfully request that this Court dismiss Plaintiff Dalton Wilson's Quiet Title Act claim because he does not own any interest in the right of way to which he seeks to quiet title. Rather, any right of way Mr. Wilson may have had has been conveyed to Underwood Livestock Inc., which is not a party to this case. Accordingly, this Court has no jurisdiction or authority to proceed to trial on Mr. Wilson's claim. This

. . .

. . .

. . .

. . .

59

motion is supported by the accompanying Memorandum of Points and Authorities and exhibits attached thereto.

Respectfully submitted this 6th day of August, 2003.

DANIEL G. BOGDEN
United States Attorney

BLAINE T. WELSH
Assistant United States Attorney

OF COUNSEL:

James Karkut
U.S. Department of the Interior
6201 Federal Building
125 South State Street
Salt Lake City, UT 84138-1180
Ph: 801-524-5677 X 225
Fax: 801-524-4506

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Background

This lawsuit involves an alleged right of way located in the Simpson Park Mountains just east of Grass Valley, Lander County, Nevada. In their complaint, Plaintiffs claimed to own a right of way for a diversion dam and a pipeline to convey water across public land managed by the United States Department of the Interior, Bureau of Land Management ("BLM"). After the close of discovery, the Defendants moved for summary judgment on the Plaintiffs' claims and on the Defendants' trespass counterclaim. The Plaintiffs responded to the motion and attached, among other things, a declaration from Mr. Wilson and Mr. Bowman. In Mr. Wilson's declaration he stated, under oath, that he owns the property in question including a water right and a right of way across public lands administered by the BLM. *See* Wilson Declaration attached to Plaintiffs' Opposition to the United States' Motion For Summary Judgment at ¶ 1. On the other hand, Mr. Bowman declared, under oath, that he had transferred any interest he had in the property to Mr. Wilson. *See* Bowman Declaration attached to Plaintiffs' Opposition to the United States' Motion for Summary Judgment at ¶ 5.

After the motion was fully briefed, the Court heard arguments from the parties and then granted the motion in part, denied it in part, and directed the parties to prepare a pre-trial order. Among other things, the Court dismissed all of Plaintiffs' claims except their claim under the Quiet Title Act ("QTA"), 28 U.S.C. 2409a. The Court also determined that since Plaintiff Don Bowman did not own an interest in the property at issue in the case, Mr. Bowman could not proceed with that claim and dismissed Don Bowman's QTA claim with prejudice. Thus, after the summary judgment order, the only Plaintiff in the case was Dalton Wilson and his only claim was under the QTA to quiet title to a right of way.

. . .

During preparation of the pre-trial order, the United States could not locate and Plaintiff Wilson did not provide any document evidencing the transfer of Mr. Bowman's interest to Mr. Wilson. Based on conversations with counsel for Mr. Wilson and the United States search of county recorders' offices, the Defendants are convinced that Mr. Bowman did not transfer the property to Mr. Wilson, but instead transferred the property to Underwood Livestock, Inc. *See* Exhibit A, Grant Bargain and Sale Deed from Don Bowman to Underwood Livestock, Inc., dated April 4, 2002. While the United States believes that Underwood Livestock is wholly owned by Dalton Wilson, it is a separate legal entity and is not a party to this case.

The United States now moves to dismiss Mr. Wilson's QTA claim in its entirety because Plaintiff Wilson does not own any interest in the disputed property and thus his claim does not fall within the limited waiver of sovereign immunity granted by Congress in the QTA. Further, since the claim is outside of this limited waiver, this Court lacks jurisdiction to consider this claim.

**II. <u>Quiet Title Act Jurisdiction</u>**

In the Quiet Title Act ("QTA"), 28 U.S.C. § 2409(a), Congress waived the United States' sovereign immunity, with certain exceptions, to the naming of the United States as a party defendant in a civil action "to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights." The conditions attached to Congresses' waiver of sovereign immunity are to be strictly observed. *See Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied.) Whether the United States has waived its immunity is a question of this Court's subject matter jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("[T]he terms of [the United States'] consent to be sued in any court

define that court's jurisdiction to entertain the suit"). Stated somewhat differently, the terms of the legislative waiver are jurisdictional limits for the district courts.

Here, Mr. Wilson is the only plaintiff in this action and his sole remaining claim is under the QTA. However, because he owns no interest in the disputed property, he cannot fall within the scope of the QTA's limited sovereign immunity waiving provisions.

The complaint in a QTA action "shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." 28 U.S.C. 2409a(d). As is clear from the text of the statute, QTA actions are for the adjudication of conflicting claims to ownership of real property. A quiet title action is "generally speaking, an *in personam* proceeding * * * the purpose of which is to determine which named party has *superior claim* to a certain piece of property." *Cadorette v. United States*, 988 F.2d 215, 223 (1st Cir. 1993) (citing *Nevada v. United States,* 463 U.S. 110, 143-144 (1983)) (second emphasis added). A third party without an ownership claim in the disputed property, therefore, has no place in a QTA suit. Indeed, the courts have repeatedly held that no one can assert a QTA claim who "does not claim a property interest to which title may be quieted." *Long v. Area Manager, Bureau of Reclamation*, 236 F.3d 910, 915 (8th Cir. 2001). To "come within the class of beneficiaries envisioned by section 2409a," a party must "have *title or color of title to land* in which the United States also claims an interest." *Claxton v. SBA,* 525 F. Supp. 777, 784 (D. C. Ga. 1981).

In this case, Mr. Wilson has no property interest to assert. The property was transferred from former plaintiff Don Bowman to Underwood Livestock, Inc., not to Plaintiff Wilson. As a result, Mr. Wilson does not fall within the limited waiver provisions of the QTA and this Court has no jurisdiction to hear his claims.

. . .

## III. Conclusion

For the foregoing reasons, the United States respectfully requests that this Court dismiss Mr. Wilson's only remaining claim, the QTA claim. Because Mr. Wilson does not own an interest in the disputed property, he cannot assert a QTA claim, and this Court lacks jurisdiction to proceed.

Respectfully submitted this 6th day of August, 2003.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

BLAINE T. WELSH
Assistant United States Attorney

OF COUNSEL:

James Karkut
U.S. Department of the Interior
6201 Federal Building
125 South State Street
Salt Lake City, UT 84138-1180
Ph: 801-524-5677 X 225
Fax: 801-524-4506

DON BOWMAN and DALTON WILSON )
Plaintiffs, )
vs. ) CV-N-00-0506-HDM (RAM)
BRUCE BABBITT, *et al.*, )
Defendants. )

I, Judy Farmer, am a citizen of the United States, over the age of eighteen years, and a resident of Washoe County, Nevada. I am not a party to the above-entitled action. On August 6, 2003, I faxed a copy and also deposited in the United States Mail, postage prepaid and clearly addressed, a copy of **UNITED STATES' MOTION TO DISMISS PLAINTIFF DALTON WILSON'S QUIET TITLE ACT CLAIM** upon the following named persons or entities at their last known address(es):

Michael D. Mackedon
Mackedon & McCormick
179 South LaVerne Street
Fallon, NV 89407

Fax No. : 775-423-3550

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of August, 2003.

Judy K. Farmer
Judy Farmer
Legal Assistant

# EXHIBIT A

178068

BK500PG602

05-240-03
APN: 07-080-02;05-240-02

# GRANT, BARGAIN AND SALE DEED

Exempt # 3

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

DON BOWMAN, a married man as his sole and separate property

do(es) hereby GRANT, BARGAIN and SELL to

UNDERWOOD LIVESTOCK , INC., a Nevada Corporation

the real property situate in the County of LANDER, State of Nevada, described as follows:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

TOGETHER with all tenements, hereditaments and appurtenances, including easements and water rights, if any, thereto belonging or appertaining, and any reversions, remainders, rents, issues or profits thereof.

Dated: April 04, 2002

Don Bowman
DON BOWMAN

STATE OF NEVADA )
County of MINRAL ) ss.

On April 9, 2002 personally appeared before me, a Notary Public,
Don Bowman

personally known or proved to me to be the persons whose names are subscribed to the above instrument, who acknowledged that he/she/they executed the above instrument.

Don-Rita Rice
Notary Public Don-Rita Rice
My Commission expires: 1/12/03

DON-RITA RICE
Notary Public - State of Nevada
Appointment Recorded in Mineral County
No: 99-47099-13 - EXPIRES JAN. 12, 2003

SPACE BELOW THIS LINE FOR RECORDER'S USE

RECORDING REQUESTED BY:
COW COUNTY TITLE CO.
Order No.: 17024184
WHEN RECORDED MAIL TO:

[redacted]
Underwood Livestock, Inc.
P. O. Box 74
Austin, NV 89310

BOOK347 PAGE056

BK500PG603

# EXHIBIT "A"

**Eureka County, Nevada**

TOWNSHIP 22 North, Range 48 East, M.D.B.&M.

Section 21: Northwest Quarter (NW1/4) of the Southwest Quarter (SW1/4)

**Lander County, Nevada**

TOWNSHIP 22 North, Range 48 East, M.D.B.&M.

Section 12: South Half (S1/2) of the Northwest Quarter (NW1/4)

TOWNSHIP 22 North, Range 48 East, M.D.B.&M.

Section 17: Northwest Quarter (NW1/4) of the Southeast Quarter (SE1/4)

EXCEPTING THEREFROM the above parcels an undivided one-half interest in and to all petroleum, oil, natural gas or other hydro-carbon substances and any and all other mineral, minerals, or mineral rights, in, upon, or under said lands owned or possessed by the First Party, together with the right to enter on said land to prospect for, recover, and remove the same as reserved in Deed from Pete Etchverry, a widower, to Filbert Etcheverry and Michel Etcheverry, a Co-partnership doing business under the firm name and style of Eureka Livestock Company, recorded April 30, 1965 in Book 7 of Official Records, page 260, Lander County, Nevada records.

ASSESSOR'S PARCEL NUMBER FOR 2001 - 2002: 07-080-02
05-240-02
05-240-03

CERTIFIED COPY

THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE RECORD IN THE OFFICE OF COUNTY RECORDER, LANDER COUNTY, NEVADA.

WITNESS MY HAND AND SEAL THIS

24th DAY OF Oct, 2002

IDONNA M. TREVINO, COUNTY RECORDER

BOOK 347 PAGE 56

OFFICIAL RECORDS RECORDED AT THE REQUEST OF Cow County Title

02 APR 25 PM 1:39

EUREKA COUNTY, NEVADA
M.N. REBALEATI, RECORDER
FILE NO. FEES 15.00

OFFICIAL RECORDS
LANDER CO. NEV
RECORD REQUESTED BY Cow County Title
02 APR 25 PM 3:56

222299

178068

IDONNA M. TREVINO
RECORDER

FEE 15.00 DEP

BOOK 347 PAGE 057

# STATE OF NEVADA
# DECLARATION OF VALUE

| FOR RECORDERS OPTIONAL USE ONLY | |
|---|---|
| Document/Instrument#: | 222299 |
| Book: 500 | Page: 602/603 |
| Date of Recording: | 4-25-02 |
| Notes: | |

1. Assessor Parcel Number (s)
   a) 07-080-02
   b) 05-240-02
   c) 05-240-03
   d)

2. Type of Property:
   - a) ☐ Vacant Land
   - b) ☐ Single Fam Res.
   - c) ☐ Condo/Twnhse
   - d) ☐ 2-4 Plex
   - e) ☐ Apt. Bldg.
   - f) ☐ Comm'l/Ind'l
   - g) ☑ Agricultural
   - h) ☐ Mobile Home
   - i) ☐ Other

3. Total Value/Sales Price of Property: $
   Deed in Lieu of Foreclosure Only (value of property) $
   Transfer Tax Value: $
   Real Property Transfer Tax Due: $ -0-

4. If Exemption Claimed:
   a. Transfer Tax Exemption, per NRS 375.090, Section: exempt # 3
   b. Explain Reason for Exemption: A transfer of title to recognis the true statue of ownership of real property

5. Partial Interest: Percentage being transferred: %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month.

Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature [signature] Capacity Escrow Holder
Signature [signature] Capacity

| SELLER (GRANTOR) INFORMATION (REQUIRED) | | BUYER (GRANTEE) INFORMATION (REQUIRED) | |
|---|---|---|---|
| Print Name: | Don Bowman | Print Name: | UNDERWOOD LIVESTOCK, INC. |
| Address: | 240 Reno Hwy | Address: | P. O. Box 74 |
| City: | Fallon | City: | Austin |
| State: | NV Zip: 89406 | State: | NV Zip: 89310 |

## COMPANY/PERSON REQUESTING RECORDING
(REQUIRED IF NOT THE SELLER OR BUYER)

Print Name: COW COUNTY TITLE CO. Escrow # 17024184
Address: P. O. Box 610
City: HAWTHORNE State: NV Zip: 89415

(AS A PUBLIC RECORD THIS FORM MAY BE RECORDED)

FILED
03 AUG 29 AM 10:55
LANCE S. WILSON
CLERK
BY ______ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| **DON BOWMAN and DALTON WILSON,** <br> **Plaintiff(s),** <br> **vs.** <br> **BRUCE BABBITT, in his official capacity as the Secretary of the Interior; *et al.*,** <br> **Defendant(s).** | **CV-N-00-0506-HDM(RAM)** <br> **MINUTES OF THE COURT** <br> **August 28, 2003** |

**PRESENT: HONORABLE HOWARD D. McKIBBEN, U. S. DISTRICT JUDGE**

**Deputy Clerk: Bette Stewart Reporter/Recorder: Kathryn M. French**

**Counsel for Plaintiff(s): Michael F. Mackedon**

**Counsel for Defendant(s): Blaine T. Welsh**

**PROCEEDINGS: Status Conference**

4:00 p.m. Court convenes. Counsel for plaintiffs/counterdefendants appears telephonically and represents that Don Bowman and Dalton Wilson are also present.

Upon oral motion on behalf of the counterclaimant, there being no objection by the counterdefendants,

IT IS ORDERED that the counterclaim is dismissed without prejudice. IT IS FURTHER ORDERED that this action is closed, each party to bear their own costs and fees.

4:05 p.m. Court adjourns.

LANCE S. WILSON, CLERK

By: [signature]
Deputy Clerk

60

U.S. DISTRICT COURT
DISTRICT OF NEVADA
ENTERED & SERVED
SEP - 2 2003
CLERK, U.S. DISTRICT COURT
BY DEPUTY

AO 450 (Rev. 5/85) Judgment in a Civil Case ⊕

# UNITED STATES DISTRICT COURT

***** DISTRICT OF NEVADA

## JUDGMENT IN A CIVIL CASE

CASE NO. CV-N-00-506-HDM(RAM)

DON BOWMAN and
DALTON WILSON
v.
BRUCE BABBITT, in his official capacity as Secretary of the Interior, *et al.*

FILED
03 AUG 29 AM 10: 55
LANCE S. WILSON
CLERK
BY DEPUTY

__ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

_X_ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

____ **Decision by Court.** This action came to be considered before the Court. The issues have been considered and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that the defendants' Motion for Summary Judgment is granted on the claims for relief under the Federal Tort Claims Act, the Administrative Procedures Act, Declaratory Judgment Act, 28 U.S.C. § 1331 and the United States Constitution. The defendants' Motion to Dismiss Plaintiff Dalton Wilson's Quiet Title Act Claim is granted. The oral motion to voluntarily dismiss the Counterclaim without prejudice is granted. This case is closed; each party to bear their own costs and fees.

August 29, 2003
Date

LANCE S. WILSON
Clerk
Bette Stewart
(By) Deputy Clerk

61

*Law Offices of*
MACKEDON & McCORMICK
*179 So. LaVerne Street*
*P.O. Box 1203*
*Fallon, Nevada 89407-1203*
*Fax # 702-423-3550*

Michael F. Mackedon
(702) 423-2106

John Roderick McCormick
(702) 423-7151

April 19, 1995

APR 1995
RECEIVED

Mr. James F. Sloan
Attorney at Law
977 West Williams Avenue
Fallon, Nevada 89406

Re: Dalton Wilson-Underwood Livestock/Don Bowman

Dear Jim:

In belated reference to your letter of February 17th, 1995, Mr. Bowman has given Mr. Wilson/Underwood Livestock an extension to May 20th, 1995 within which to pay the following amounts:

| | |
|---|---|
| Total past due payments | $28,800.00 |
| Late Payment penalties | 1,200.00 |
| Taxes advanced by Bowman | 283.08 |
| Attorneys' fees | 135.00 |
| Total due: | $30,418.08 |

If these amounts are not paid by the close of business on May 20th, Mr. Bowman will request that you forward the documents you hold in escrow to this office.

Sincerely,

MACKEDON & McCORMICK

Michael F. Mackedon
Attorney at Law

MFM:lcs
cc: D. Bowman
D. Wilson

Sent booklet to D. Wilson
5/4/95 DM