# EXHIBIT 1

RECEIVED
MAIL ROOM
2000 MAR -6 PM 2:05
BUREAU OF LAND MANAGEMENT
BATTLE MOUNTAIN FIELD OFFICE

| | | | | |
|---|---|---|---|---|
| P&EC | | | | |
| SS | | | | |
| | | | | |
| RR | \ | | 3-6-2000 | |
| NR | | | | |
| | | | | |
| FIRE | | | | |
| | | | | |
| TFS | | | | |

FILE/ LIBRARY/TOSS (CIRCLE ONE)

**UNDERWOOD LIVESTOCK**
Post Office Box 74
Austin, NV 89310

February 25, 2000

Gerald M. Smith
Field Manager
Bureau of Land Management
50 Bastian Road
Battle Mountain, NV 89820

Re: 2800, 4150, 8550 9230
(NV-060)
and
NV-060-428, 8550 (NV063.02)

Dear Mr. Smith:

This is in reply to your letter of October 5, 1998, regarding the dam constructed by this corporation in Underwood Canyon. Your letter appears to be a pure case of harassment.

1. You saw fit to send a copy of the letter to the Western Farm Credit Bank when in fact in the body of the letter you acknowledge the Western Farm Credit Bank has deeded the water rights to Don Bowman. As you well know, the Western Farm Credit Bank may be a potential lender to the corporation, and your notice to them of your bogus allegations could chill any opportunity to use the services of that bank.

2. You send a copy of the letter to the State of Nevada Division of Water Resources, and you threaten to initiate action to have the water right forfeited without providing any authority whatsoever for forfeiture of that water right. This has caused me considerable time and expense to clarify with the State Engineer, which I did not get resolved with the State Engineer until August 24, 1999.

3. Your letter requests clear documentation of the current water right holder. However, you acknowledged in the letter that the current water right holder is Don Bowman. This request is pure harassment.

4 You ask for evidence that the water right has been put to beneficial use in accordance with state law. However, you cite in your letter the Certificate of Appropriation issued on June 17, 1930, which is Certificate No. 1656 pursuant to Application No. 4613, a copy of which I have enclosed. I would

recommend you consult your attorney regarding this request so that you can be informed the State Engineer does not issue certificates of appropriation unless there has been satisfactory proof of beneficial use filed with the State Engineer. Here again this request by you is absolutely ludicrous and pure harassment.

5. You also sent a copy of that letter to the U.S. Army Corps of Engineers obviously in an attempt to motivate them to harass me based on the false statements set forth in the letter.

6. You allege the dam constructed pursuant to my water right is located in the Wilderness Study Area, yet I am sure you are well aware the dam is within the Cherry Stem Road indicated as an exception to the Wilderness Study Area. I am also sure you are well aware that pursuant to the recent decision of the United States Court of Federal Claims in Case No. 91-1470L filed November 5, 1998, wherein E. Wayne Hage was a plaintiff, and the United States was a defendant, provides that a ditch right of way includes the ground for 50 feet on either side of the ditch. Here again your assertion that the dam this company constructed was within the Wilderness Study Area was absolutely false, and you knew it to be false when you made the statement. You had in your possession the Wilderness Study Area map, and you had in your possession my Certificate of Appropriation No. 1656 with a priority date of October 1, 1917. If the dam and pipeline were in the WSA, the WSA was improperly identified.

7. You have issued an IMP Violation Discovery Notice dated October 30, 1998, with the clear intention of damaging my reputation and to cause me to be rejected by my peers in the community without any factual basis whatsoever. This is another example of your pure harassment of me.

I am sure you are aware your job description does not provide for you to make false and misleading statements concerning citizens of the United States, nor does it provide for you to harass citizens of the United States. Your act set forth in your October 5, 1998 letter, together with your request of February 18, 2000 for a meeting concerning that matter, are pure ultra vires acts and subject you to personal liability for the grief and harassment visited upon this corporation. Please furnish a copy of all documents you have in your possession that support the allegations of your letter of October 5, 1998, and the IMP Violation Discovery Notice dated October 30, 1998.

Please consider this letter a formal demand to immediately furnish me and this corporation an apology and to notify each and

every person, including the general public, of your apology and withdrawal of the IMP Violation Discovery Notice. As you are well aware, my water rights pursuant to Certificate No. 1656 with a priority date of October 1, 1917, and the patent issued to my predecessor in interest dated March 1, 1924, signed by President Calvin Coolidge, granted to my predecessor all appurtenances, including water rights and right to ditches and reservoirs in connection with such water rights. I am clearly not required to make any application to the BLM or any other federal agency to exercise these rights granted this corporation by President Coolidge in 1924.

Best regards,

Dalton Wilson, President
Underwood Livestock

RECEIVED
MAIL ROOM
2000 MAR 29 PM 12: 34
BUREAU OF LAND MANAGEMENT
BATTLE MOUNTAIN FIELD OFFICE

**DALTON WILSON**
**Post Office Box 74**
**Austin, Nevada 89310**

| | ACT | INF | INT | DATE |
|---|---|---|---|---|
| DM | | | | |
| ADM | | | | |
| PREC | | | | |
| SS | | | | |
| | | | | |
| RR | | | | |
| | | | | |
| NR | | ✓ | | 3/30 |
| | | | | 3-30 |
| FIRE | | | | |
| | | | | |
| TFS | | | | |
| FILE/ LIBRARY/TOSS (CIRCLE ONE) | | | | |

March 27, 2000

Gail G. Givens
Assistant Field Manager
Bureau of Land Management
Battle Mountain Field Office
50 Bastian Road
Battle Mountain, Nevada 89820

Re: N-66189, NV-060-428
2800/8550/9232
(NV-063.7)

Dear Mr. Givens:

This is in reply to your Notice of Trespass, Notice to Cease and Desist dated March 8, 2000. Please be advised that I am not in trespass as alleged in your letter. I have not built a water diversion structure in my own name in Underwood Canyon.

I have not violated 43 C.F.R. §2801.3. I have not violated the Bureau's Interim Management Policy for Lands Under Wilderness Review nor 603(c) of the Federal Land Policy and Management Act of 1976. The work done by Underwood Livestock, Inc., was not in the WSA. I have not violated 43 U.S.C. §1701, et. seq. I have not "violated laws" as you claim even though you have not cited me to any law other than 43 U.S.C. §1701 et. seq. This broad, general statement of "violated laws" is too vague for me to give a more specific response. You have not told me the fair market value rent of these public lands, nor have you told me the cost of rehabilitation and stabilization of the lands you allege I have damaged. You have not told me the administrative costs incurred by you as a consequence of this alleged act that I deny having violated.

I cannot tell from your letter what I must cease and desist from doing, and I cannot tell from your letter what settlement of the trespass you seek. Your letter threatens to charge me with a crime, but I cannot tell from your letter what crime you are threatening to have me charged with.

Please note the letter from Underwood Livestock dated February 25, 2000, addressed to Gerald M. Smith, Field Manager. If your letter of March 8, 2000, is your

Exhibit DD

final decision regarding the alleged trespass, please so advise me and advise me of my appeal rights.

Sincerely,

Dalton Wilson

Dalton Wilson

United States Department of the Interior

**Bureau of Land Management**
Battle Mountain Field Office
50 Bastian Road
Battle Mountain, Nevada 89820
(775) 635-4000 Fax (775 ) 635-4034

In Reply Refer to:
N-66189
NV-060-428
2800/8550/9232
(NV-063.7) mbraggett 4-10-2000

**TRESPASS DECISION**

APR 1 0 2000

CERTIFIED MAIL 7099 3220 0005 9370 0758
***Return Receipt Requested***

Mr. Dalton Wilson, President
Underwood Livestock
P. O. Box 74
Austin, NV 89310

CERTIFIED MAIL 7099 3220 0005 9370 0963
***Return Receipt Requested***

Mr. Don Bowman
2040 Reno Highway
Fallon, NV 89406

Dear Mr. Wilson and Mr. Bowman:

On March 8, 2000, you were both advised, by certified mail, that the United States of America, through the Bureau of Land Management (Bureau), had instituted trespass proceedings against you, pursuant to 43 CFR 2801.3 under the authority of the Federal Land Policy and Management Act of 1976 (43 U.S.C. 1701 et seq.,) for the installation of a water diversion structure in Underwood Canyon, within the Simpson Park Wilderness Study Area. The unauthorized structure, which you both have admitted was installed by Dalton Wilson for the apparent benefit of Don Bowman, is made primarily of 19 heavy equipment tires, and is located on the following described lands under the jurisdiction of the Bureau of Land Management:

Mount Diablo Meridian, Nevada
T. 22 N., R. 48 E.,
sec. 7, NE ¼.

Exhibit FF

In your response, Mr. Wilson, which was dated March 27, 2000, and received in this office on March 29, 2000, you denied violating 43 CFR 2801.3, the Bureau's Interim Management Policy for Land Under Wilderness Review, §603(c) of the Federal Land Policy and Management Act, or 43 U.S.C. §1701. However, you did not supply evidence to support your position that you are not in trespass on Federal land within a Wilderness Study Area.

In your response, Mr. Bowman, which was dated March 27, 2000, and received in this office on March 30, 2000, you denied that you and Dalton Wilson have violated Federal regulations ". . . by rebuilding a diversion within existing rights-of-ways granted by state laws, local customs and by the original patent signed by President Herbert Hoover." You also stated "Dalton is planning to resume work next week on the ditch between the diversion and the ranch."

Title 43 Code of Federal Regulations §2801.3 states, "Any use, occupancy, or development of the public lands that requires a right-of-way, temporary use permit, or other authorization pursuant to the regulations of that part and that has not been so authorized, or that is beyond the scope and specific limitations of such an authorization, or that causes unnecessary or undue degradation, is prohibited and shall constitute a trespass. . . ." The purpose of the March 8, 2000, letters was to provide you time in which to arrange for payment of your trespass liability *or* to provide information or evidence to assist in the adjudication of the Bureau's trespass claim against you.

WHEREAS, both of you, Dalton Wilson and Don Bowman, have been afforded opportunities to resolve this matter, either by supplying proof as to why the construction and presence of the aforementioned water diversion structure is not unauthorized use, or by removing the structure, and have failed to take advantage of such opportunities;

WHEREAS we do not find sufficient evidence to support your assertion of a right-of-way;

WHEREAS letters sent to each of you on March 8, 2000, notified you that any additional work (such as Mr. Wilson's stated plans to install a head gate and to construct a pipeline to private and public land near the mouth of Underwood Canyon) would constitute willful trespass:

THEREFORE, IT IS MY FINAL DECISION that the construction of the aforementioned water diversion structure and its presence on the above-described public land constitutes trespass and you are liable for the actual costs the Bureau incurs in resolving your trespass.

YOU ARE HEREBY REQUIRED, IMMEDIATELY, to cease and desist from any additional construction work related to this water diversion. As you were officially notified in the letters dated March 8, 2000, any such additional work will be considered willful trespass and will make you liable for additional damages.

YOU ARE ALSO REQUIRED, ON OR BY MAY 10, 2000, to pay **$6,722.16**, the trespass liability you have incurred to date. This constitutes the administrative costs incurred by the Bureau to April 7, 2000, in investigating and attempting to abate your trespass, as provided in 43 CFR 2801.3(b)(1). Documentation of these costs is available in the Battle Mountain Field Office.

YOU ARE FURTHER REQUIRED to make arrangements with this office for the satisfactory removal of the referenced water diversion structure and rehabilitation of the site. Because this trespass is within a Wilderness Study Area, which must be managed so as to prevent impairment to wilderness characteristics, pursuant to §603 (c) of the Federal Land Policy and Management Act of 1976, 43 U.S.C. 1782(c), you are not to undertake any removal efforts without this office having approved your removal and rehabilitation methods in writing.

If you fail to arrange with the Bureau for removal of the unauthorized structure and rehabilitation of the site by May 10, 2000, the Bureau will remove the unauthorized structure and rehabilitate the site at your expense, as provided in 43 CFR 2801.3 (b)(3). The Bureau will also take possession of and remove any personal property of value that may be found on the premises after May 10, 2000, and will store said personal property at the owner's expense at the Battle Mountain Field Office, 50 Bastian Road, Battle Mountain, NV 89820. Such property may be claimed within 30 days after removal, upon payment of the trespass liability, including any additional expenses as may accrue. Failure to claim said property within the specified time will constitute abandonment, and said property shall become the property of the United States.

Failure to resolve your trespass liability and to arrange for satisfactory removal of the referenced structure by the prescribed date of May 10, 2000, may result in additional trespass penalties and a citation for your appearance before a designated United States magistrate, who may impose fines of not more than $1,000 or imprisonment of not more than 12 months, or both, under Title 43 CFR §9262.1.

This decision may be appealed to the Interior Board of Land Appeals, Office of the Secretary, in accordance with the regulations contained in 43 CFR, Part 4 and enclosed Form 1842-1. If an appeal is taken, your notice of appeal must be filed in this office (at the above address) within 30 days from the receipt of this decision. The appellant has the burden of showing that the decision appealed from is in error.

If you wish to file a petition pursuant to regulation 43 CFR 4.21 (58 FR 4939, January 19, 1993) or 43 CFR 2804.1 for a stay of the effectiveness of this decision during the time your appeal is being reviewed by the Board, the petition for a stay must accompany your notice of appeal. A petition for a stay is required to show sufficient justification based on the standards listed below. Copies of the notice of appeal and petition for a stay must also be submitted to each party named in this decision and to the Interior Board of Land

Appeals and to the appropriate Office of the Solicitor (see 43 CFR 4.413) at the same time the original documents are filed in this office. If you request a stay, you have the burden of proof to demonstrate that a stay should be granted.

Standards for Obtaining a Stay

Except as otherwise provided by law or other pertinent regulation, a petition for a stay of a decision pending appeal shall show sufficient justification based on the following standards:

(1) The relative harm to the parties if the stay is granted or denied;

(2) The likelihood of the appellant's success on the merits;

(3) The likelihood of immediate and irreparable harm if the stay is not granted; and

(4) Whether the public interest favors granting the stay.

/s/Gail G. Givens

Gail G. Givens
Assistant Field Manager
Nonrenewable Resources

Enclosures (2):
Bill for Collection (1 pp.)
Form 1842-1 (1 p)

cc:
Western Farm Credit Bank
3636 American River Drive
Sacramento, CA 95864

State Engineer, NDWR

Nevada BLM State Director, NV 930

John Steiger, Solicitor

MCraggett:mc:WilsonBowmanDecision:04/10/2000

RECEIVED
MAIL ROOM
2000 APR 24 PM 1:05
BUREAU OF LAND MANAGEMENT
BATTLE MOUNTAIN FIELD OFFICE

| | ACT | INF | INT | DATE |
|---|---|---|---|---|
| DM | | | | |
| ADM | | | | |
| P&EC | | | | |
| SS | | | | |
| | | | | |
| RR | | | | |
| | | | | |
| NR | V | | ✓ | |
| | | | [illegible] | 4-2[illegible] |
| FIRE | | | | |
| | | | | |
| TFS | | | | |

FILE/ LIBRARY/TOSS (CIRCLE ONE)

**UNDERWOOD LIVESTOCK, INC.**
Dalton Wilson, President
P. O. Box 74
Austin, NV 89310

April 20, 2000

Mr. Gail Givens
Mr. Gerald Smith, Field Manager
Bureau of Land Management
50 Bastian Road
Battle Mountain, NV 89820

Re: Protest of Notice of Trespass
Demand for Withdrawal of Decisions
Notice to Cease and Desist
Notice of Trespass Decision

Dear Mr. Givens and Mr. Smith:

This letter responds to the "Notice of Trespass/Notice to Cease and Desist" dated March 8, 2000, and the "Trespass Decision" dated April 10, 2000, which was mailed to myself and Don Bowman.

**Protest**

Your proposed decision is in direct conflict with my pre-existing right to utilize the water from Underwood Canyon adjudicated under State of Nevada Water Law, certificate number 1656. By pre-existing rights, I refer to the fact that my right-of-way is a right that vested under United States Patent prior to the enactment of the Taylor Grazing Act and the Federal Land Policy and Management Act.

I have repeatedly explained this fact to you and other BLM personnel, and you all continue to willfully ignore the existence of those rights. I have repeatedly explained to you and other BLM personnel that my water right is based upon early Nevada law, which, in turn, was recognized by Federal law, declaring that rights created under federal and local law and custom would be recognized and protected by the United States Constitution and Section 701 of FLPMA.

Since my use of the right-of-way for the water is based on rights which are vested under Nevada Law and validated by a United States Patent, which was developed through beneficial use of the water, it is not subject to any demand for permits or fees based upon the Code of Federal Regulations, which is based upon FLPMA and Taylor as later enacted by Congress. I cannot be violating the CFR sections cited in your letters of March 8 and

April 10, 2000, based upon either FLPMA or Taylor. (See Judge Loren Smith decision on Hage case.)

The U.S. Congress, in enacting Taylor and FLPMA, specific-ally provided that the enactments had no effect on pre-existing rights. When you and the BLM attempt to impose Taylor and FLPMA base regulations on me, you are depriving me of a vested property right. I do not, at this time, contest the federal ability to condemn my vested property right, but what you are attempting to do amounts to inverse condemnation--taking my property without first providing or securing just compensation as required by the Nevada Constitution. That is a violation of rights guaranteed by the U.S. Constitution for which you may be held personally liable.

**Demand for Withdrawal**

Since my claim to the water right and the appurtenant right-of-way under United States Patent No. 932407 is based on acts of Congress much older than FLPMA and Taylor and unmodified by either FLPMA or Taylor, I hereby protest your proposed decision which is grounded on CFR's based on FLPMA or Taylor and demand you withdraw both the Trespass (dated March 8, 2000) and Trespass Decision (dated April 10, 2000).

**FOIA Demand**

This **DEMAND** is based on your response dated March 31, 2000. In your response to number 3, you state in writing that the water right is appurtenant to the eighty acres of land. Your response to my FOIA as written: "I have no **AUTHORITY** to **IGNORE** or **EVADE** any acts of Congress, including the Taylor Grazing Act (TGA) and the Federal Land Policy and Management Act (FLPMA).

In Section 3 of the Taylor Grazing Act of 1934, which states: "**PROVIDED FURTHER** that nothing in the act **SHALL** be con-strued or administered in any way to diminish or impair any right to the possession and use of water for mining, agriculture, manu-facturing or other purposes which has heretofore vested or accrued under existing law validly affecting the public lands or which may be hereinafter initiated or acquired and maintained in accordance with such law." Your actions are a direct evasion of the Taylor Grazing Act.

Respectfully,

Dalton Wilson

Dalton Wilson, President
In Proper Person