# In the United States Court of Federal Claims

### No. 05-0162L
### (Filed January 14, 2010)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| **UNDERWOOD LIVESTOCK, INC.,** | \* | |
| | \* | |
| **Plaintiff,** | \* | Fed. R. App. P. 4(a)(5); Extension |
| | \* | of Time to File Notice of Appeal; |
| | \* | Excusable Neglect; Ex Parte Motion |
| **v.** | \* | for Extension of Time. |
| | \* | |
| **THE UNITED STATES,** | \* | |
| | \* | |
| **Defendant.** | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Martin G. Crowley, 85 South LaVerne Street, Fallon, NV, for Plaintiff.

E. Barrett Atwood, U. S. Department of Justice, Washington, D.C. 20004, for Defendant.

_____

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL
_____

**WILLIAMS, Judge**.

This matter comes before the Court on Plaintiff's "Ex Parte Motion For Extension of Time to File Notice of Appeal under Federal Rule of Appellate Procedure 4(a)(5)." Because Plaintiff has demonstrated excusable neglect, the Court grants Plaintiff's motion.

### Background

In this Fifth Amendment takings case, Plaintiff Underwood Livestock, Inc. ("Underwood") alleged that the Bureau of Land Management ("BLM") obstructed Underwood's use of its water rights. This Court entered summary judgment for Defendant, finding that the Interior Board of Land Appeals ("IBLA") had concluded that Underwood had no property interest and that Underwood could not relitigate that issue under principles of collateral estoppel. Judgment was entered on October 14, 2009.

Underwood sent a Notice of Appeal to this Court via the United States Postal Service's ("USPS") Priority Mail service on Wednesday, December 9, 2009, from Fallon, Nevada. Mot. at

1; Reply at 1; Decl. of Nicole Raymond Attach. 1, Jan. 11, 2010.[1]

The USPS advertises a two-to-three day transit time for packages sent via Priority Mail. Def. Resp. 2. This Notice was due to this Court in the District of Columbia, on Monday, December 14, 2009, but did not arrive until December 16, 2009.

On December 15, 2009, Underwood filed its "Ex Parte Motion For Extension of Time to File Notice of Appeal under Federal Rule of Appellate Procedure 4(a)(5)." Because Underwood had until December 14, 2009, to file an ex parte motion for extension of time, but did not file such motion until December 15, 2009, Underwood's motion for extension of time could not be ex parte. Fed. R. App. P. 4(a).[2] Accordingly, the Government was given an opportunity to respond to Underwood's motion.

Government counsel contacted Underwood's counsel via e-mail on December 23, 2009, seeking evidence that Underwood timely sent its Notice of Appeal -- such as the USPS tracking number. In its January 11, 2010 Reply, Plaintiff provided a declaration from the person who mailed the notice and a copy of its USPS Customer Online Label Record – both establishing that its Notice of Appeal was mailed on December 9, 2010. Decl. of Nicole Raymond and Attach.

## **Discussion**

This Court may grant Underwood's motion for an extension of time if Underwood has shown "excusable neglect or good cause" for not filing the Notice of Appeal on time. Fed. R. App. P. 4(a)(5)(A)(ii). When evaluating a motion to extend the time to file a notice of appeal, this Court applies the standard for "excusable neglect" set forth by the Supreme Court in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993). The word "neglect" is given a straightforward meaning -- it encompasses acts or omissions due to "inadvertence, mistake, or carelessness." Pioneer, 507 U.S. at 388; see also Cygnus Corp. v. United States, 65 Fed. Cl. 646, 648 (2005).

In Pioneer, the Supreme Court held that the determination of whether neglect is excusable is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer, 507 U.S. at 395. These factors include, but are not limited to, "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. However, these factors do not always carry equal weight. While prejudice, length of delay, and good faith may be important in a closer case, the reason for delay may be critical to the inquiry. See Gibbons v. United States,

---

[1] In accordance with Appendix E of the Rules of the Court of Federal Claims, Underwood could not file its notice of appeal electronically. RCFC, Appendix E, ¶ 25.

[2] In the motion for extension which was filed electronically from Nevada, Plaintiff represented that "[b]y local time, the time to file the Notice of Appeal had not yet run." Mot. at 2. However, Plaintiff acknowledged that "by the time of the Court (three hours ahead of plaintiff's attorney), it [was] already December 15." Id.

317 F.3d 852, 855 (8th Cir. 2003) ("[A]t the end of the day, the focus must be upon the nature of the neglect."); Graphic Communs. Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001). As the Supreme Court recognized, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Pioneer, 507 U.S. at 392.

Courts have found excusable neglect when unpredictable delays occur in USPS service. E.g., Zipperer by & Through Zipperer v. School Bd., 111 F.3d 847, 850 (11th Cir. 1997); Ramseur v. Beyer, 921 F.2d 504, 506 (3d Cir. 1990). In Zipperer, the appellants mailed their notice of appeal six days before it was due, but it arrived one day late. Zipperer, 111 F.3d at 849. Applying Pioneer's "flexible analysis," the Eleventh Circuit affirmed the finding of excusable neglect, reasoning that the Zipperers mailed their notice of appeal "several days before the three days required for normal mail delivery between the point of mailing and the district court." Id.

In Ramseur, an inmate's counsel mailed a notice of appeal six days before the notice was due, but the notice did not arrive until 13 days later. Ramseur, 921 F.2d at 506. To determine whether appellant had demonstrated excusable neglect, the Third Circuit weighed the "relevant considerations," including "substantial diligence" of counsel, good faith, the length of the delay, the reason for the delay, and fairness to the parties. Id. The Third Circuit found that the appellant had demonstrated excusable neglect where the notice of appeal was only seven days late, the delay was not attributable to counsel's bad faith, counsel reasonably believed that the notice would be timely filed, and counsel acted expeditiously to cure the delay by seeking an extension. Id. at 506-07.

Similarly, in the instant case, there is no evidence that the movant acted in bad faith. The length of delay – two days – is minimal, and there has been no showing that this delay will adversely impact proceedings. Further, the prejudice to the Government is slight -- there is no indication that defending an appeal on a marginally extended schedule creates any undue burden. Although Underwood offered no reason for its last-minute mailing of the Notice, Underwood's counsel reasonably expected its Notice of Appeal to be delivered to this Court on or before December 14, 2009, based on USPS guidelines. Also, upon learning that the notice had not been delivered on time, Underwood's counsel acted immediately to cure the delay by filing a motion for an extension of time. Under these circumstances, Underwood has demonstrated excusable neglect.

## Conclusion

For the reasons above, Plaintiff's Motion for Extension of Time to File a Notice of Appeal is **GRANTED**. The time to file a notice of appeal in this case is extended, nunc pro tunc, until December 16, 2009, the date the notice of appeal was received by the Clerk's office. The Clerk of the Court shall accept the Notice of Appeal for filing and docketing effective December 16, 2009, nunc pro tunc.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**